*E-FILED 10/2/07*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE EBAY SELLER ANTITRUST LITIGATION,

NO. C 07-01882 JF (RS)

**ORDER RE MOTION FOR INTERIM PRESERVATION ORDER**

## I. INTRODUCTION

Plaintiffs brought this motion because, in their view, defendant eBay had failed to disclose sufficient information regarding the efforts it has been making to ensure that relevant evidence in the form of electronically-stored information ("ESI") is preserved and collected. Although the parties continue to dispute vigorously the extent to which eBay provided information *prior* to the filing of this motion, they are now in agreement that eBay will provide a witness to testify under Rule 30 (b)(6) of the Federal Rules of Civil Procedure regarding its ESI preservation and collection efforts. At this juncture, the only issues remaining for the Court to resolve are: (1) the extent to which eBay must disclose information regarding the contents of the "document retention notices"("DRNs") it sent out to approximately 600 of its employees, and (2) whether eBay must disclose the names and

1

job titles of those approximately 600 employees.

As explained below, eBay need not produce copies of the DRNs nor any information about matters contained therein that are privileged or constitute work product. Plaintiffs, however, are entitled to inquire into the *facts* as to what the employees receiving the DRNs have done in response; i.e., what efforts they have undertaken to collect and preserve applicable information. eBay must also disclose the identities of those employees. Plaintiffs have not shown, however, that there is a basis for or need to issue an express order reflecting eBay's obligation, as a party to this litigation, to preserve relevant evidence or to specify any particular procedures with which it must comply. Accordingly, the motion will be granted in part and denied in part.

## III.  DISCUSSION[1]

### A.  Meet and confer discussions and correspondence

This Court's standing order provides, in relevant part, "[t]he parties are discouraged from attaching letters between counsel as exhibits to discovery motions." In this case, the parties not only have submitted such correspondence, but they urge the Court to engage in a "close reading" or "careful review" of their letters to determine which side's characterization of the negotiations is accurate. Review of the correspondence primarily discloses accusations being exchanged with a level of antagonism that is not conducive to meaningful meet and confer. The Court declines to weigh in to the fray to determine whether, perhaps, one side is more responsible than the other for the breakdown in the process. Instead, to minimize *future* disputes requiring Court intervention, the parties shall comply with the following:

(1) If disputes exist upon the conclusion of the 30 (b) (6) deposition regarding eBay's ESI preservation and collection efforts, the parties must engage in an in-person, face-to-face, conference regarding such disputes before any further discovery motion is filed. The parties should focus on reaching resolutions on a forward-looking basis, rather than discussing what either side has or has

---

[1] This motion relates solely to "discovery about discovery," and, more specifically, to the obligations created by recent amendments to Rule 26 of the Federal Rules of Civil Procedure for parties to meet and confer to agree on a plan for addressing ESI. As such, the specifics of the claims and defenses in this action are wholly irrelevant to this motion and will not be recounted here.

1 not done in the past.  The parties should also focus strictly on the ESI issues during the conference,
2 reserving any discussion of the merits or other issues for another time.   The parties are encouraged,
3 but not required, to engage in an in-person or telephonic conference *prior* to the deposition as well,
4 to discuss any anticipated problems.

5       (2)  Prior to the filing of *any* future discovery motion in this action, the parties shall, at a
6 minimum, confer telephonically, if not face-to-face.  This order, of course, does not prohibit written
7 meet and confer correspondence as a part of that process.  Such written correspondence shall not,
8 however, be the sole means by which the parties discuss their differences before a motion is brought.

10     B.  <u>30 (b) (6) Deposition</u>

11       Rule 26 (f), as amended in 2006, requires parties to confer and  "discuss any issues relating
12 to preserving discoverable information, and to develop a proposed discovery plan," that addresses,
13 among other things, "any issues relating to disclosure or discovery of electronically stored
14 information, including the form or forms in which it should be produced."  Although the Rule itself
15 does not expressly authorize discovery into the efforts a party may make to collect or preserve ESI,
16 the commentary to the amendments suggests that, "[i]n appropriate cases identification of, and early
17 discovery from, individuals with special knowledge of a party's computer systems may be helpful."
18 Here, eBay does not dispute that plaintiffs are entitled to discovery on the general subject of eBay's
19 ESI retention and collection efforts.  Rather, the conflict centers on whether or not eBay has already
20 provided, or offered to provide, sufficient information.[2]

21       Plaintiffs' reply brief asserts that eBay flatly refused to produce a witness under Rule 30 (b)
22 (6) to testify about its ESI retention and collection efforts until it made that offer in opposition to this
23 motion.  eBay appears to contend that the parties *agreed* the deposition should not go forward before
24 the Court ruled on the issues of whether information regarding the DRNs and the identity of the 600

---

[2] Plaintiffs cite this Court's decision in *Google v. American Blind and Wallpaper Factory*, 2007 WL 1848665, (No. C03-5340JF(RS)) (N.D.Cal., June 27, 2007) for the proposition that conclusory declarations regarding a party's document retention and collection efforts are insufficient.  Plaintiffs fail to recognize that *Google* arose in the context of a sanctions motion based on evidence suggesting that relevant documents had been lost or destroyed.  As such, *Google* is only tangentially relevant, at best, to the question of what a party must do to comply with Rule 26 (f).

1 employees is discoverable. Again without evaluating which side is more accurately representing the
2 prior communications on the subject, it appears appropriate for the deposition to go forward as
3 promptly as practicable after the date of this order. Whether or not an order to do so would have
4 been necessary, eBay is hereby ordered to produce a witness or witnesses to testify on the specified
5 topics, subject to the discussion below.

C. <u>Discoverability of DRNs and employee identities</u>

eBay contends that the DRNs sent to the approximately 600 employees were drafted by in-house counsel in consultation with outside counsel and were expressly labeled as "Attorney-Client Privileged & Confidential." eBay argues the DRNs include information protected by either the privilege or work product doctrine with respect to counsel's analysis of plaintiffs' claims in this litigation and what may be relevant to those claims or eBay's defenses.

eBay has made an adequate showing that the DRN documents themselves include material protected under attorney client privilege and the work product doctrine. To the extent, however, that eBay is seeking to foreclose *any* inquiry into the contents of those notices at deposition or through other means, such a position is not tenable. Although plaintiffs may not be entitled to probe into what exactly eBay's employees were *told* by its attorneys,[3] they are certainly entitled to know what eBay's employees are *doing* with respect to collecting and preserving ESI. Furthermore, because it would neither be reasonable nor practical to require or even to permit plaintiffs to depose all 600 employees, it is appropriate to permit plaintiffs to discover what those employees are *supposed* to be doing. Even though such inquiry may, indirectly, implicate communications from counsel to the employees, the focus can and should be on the *facts* of what eBay's document retention and collection policies are, rather than on any details of the DRNs. Thus, while plaintiffs should not inquire specifically into how the DRNs were worded or to how they described the legal issues in this action, plaintiffs are entitled to know what kinds and categories of ESI eBay employees were

---

[3] Whether the privilege or work product protection would apply to instructions regarding document retention or collection is far from certain. In light of the conclusions reached in the remainder of this order, however, the Court need not decide that question at this time.

4

instructed to preserve and collect, and what specific actions they were instructed to undertake to that end.

Finally, eBay has not shown that the *identities* of the approximately 600 employees receiving the DRNs are privileged or subject to work product protection. Although the *relevance* of such information appears tenuous, even under the liberal standard applicable in discovery, eBay also has not shown that producing the information would be burdensome or otherwise objectionable. Accordingly, eBay shall provide a list of names and job titles of the approximately 600 employees who received DRNs.

D. <u>Other relief</u>

Despite the reply brief's concession, in effect, that only the issues discussed above remain in contention, plaintiffs argue that it would still be appropriate for the Court to enter the proposed order they submitted with their moving papers that precluded eBay from destroying *any* ESI pending further meet and confer efforts on a host of ESI issues. Plaintiffs, however, have failed to demonstrate the need for such an order at this juncture and on this record.[4]

III. CONCLUSION

The motion is granted to the extent set forth above, and is otherwise denied.

IT IS SO ORDERED.

Dated: October 2, 2007

_____
RICHARD SEEBORG
United States Magistrate Judge

---

[4] One issue raised in the moving papers was that eBay indicated it would be "archiving" certain email. Plaintiffs professed a concern that such material would later not be easily accessible or retrievable. Without deciding whether or not eBay adequately explained its "archiving" plans prior to the time this motion was filed, the Court is satisfied by eBay's representations that such materials will remain fully searchable and accessible.

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Brynly R. Llyr     bllyr@omm.com, dbordessa@omm.com

Christine Pedigo Bartholomew     cbartholomew@finkelsteinthompson.com, sanfran@finkelsteinthompson.com

Thomas Patrick Brown     tbrown@omm.com

Jeff D Friedman     jefff@hbsslaw.com, nancyq@hbsslaw.com

Joseph P. Garland     jpg65@columbia.edu

Daniel Hume     dhume@kmslaw.com

David E. Kovel     dkovel@kmslaw.com

Joseph V. McBride     jmcbride@rabinpeckel.com

Michael Andrew McShane     mmcshane@audetlaw.com

I. Stephen Rabin     srabin@rabinpeckel.com, info@rabinpeckel.com

Beverly Tse     btse@kmslaw.com

Julie Dawn Wood     jwood@omm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 10/2/07**                                               **Richard W. Wieking, Clerk**

                                                                 **By:     Chambers**

ORDER RE MOTION FOR INTERIM PRESERVATION ORDER
C 07-01882 JF (RS)

6