**E-Filed 3/4/2008**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | Case Number C 07-01882 JF (RS) |
| | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS |
| | [re: docket no. 26] |

## I. BACKGROUND

On April 4, 2007, Plaintiffs filed the instant class action complaint against Defendant eBay, Inc. ("eBay") alleging violations of §§ 1 and 2 of the Sherman Antitrust Act ("Sherman Act") and §§ 1620 & 17200 of the California Business & Professional Code. The complaint asserts seven claims: (1) abuse of monopoly power and monopoly maintenance for online auctions; (2) attempted monopolization of the market for online auctions; (3) abuse of monopoly power and monopoly maintenance in the market for person-to-person online payment systems; (4) attempted monopolization of the market for person-to-person online payment systems; (5) *per se* unreasonable tying; (6) unlawful trust, combination or conspiracy in restraint of trade and commerce; and (7) unfair business practices.

The complaint alleges the following. EBay is an online marketplace for the sale of goods and services. EBay's website facilitates exchanges between sellers listing items for sale and buyers who are able to bid for and purchase those items. In 2002, eBay purchased PayPal. Paypal enables individuals and businesses to send and receive payments online by means of credit cards and bank transfers. Users set up accounts that can be funded by credit card ("bankcard payments") or by either PayPal accounts or direct bank deposit transfers ("direct payments"). Persons wishing to receive payments through PayPal may open–either personal accounts that may receive up to $500.00 for the sale of goods and are limited to five credit card transactions per twelve month period, or premier or business accounts that can accept unlimited sums for the sale of goods and an unlimited number of bankcard payments but are charged a fee for both direct and bankcard payments.[1] The Named Plaintiffs ("Plaintiffs") in this action are four individuals who sell products actively through eBay's online marektplace and seek to represent a class of all auction sellers on eBay and a subclass of all auction sellers on eBay who accept PayPal.

According to the complaint, eBay has experienced expansive growth in recent years. The number of users increased from 56.1 million in 2004 to 81.8 million in 2006, and it is estimated that eBay's currently commands 98% of all traffic to online auction sites. Plaintiffs attribute this success to the "network effect," which causes "the value of a good or service to a potential customer to directly depend on the number of other customers who own the good or are users of the service," creating a barrier to entry for competitors.

Plaintiffs contend that prior to purchasing PayPal in 2002, eBay acquired two of PayPal's competitors, BillPay and Verisign. Plaintiffs allege that at the same time eBay also implemented the following policies: (1) PayPal was banned from eBay's community boards; (2) Billpoint's payment services were referred to as eBay Payments; (3) buyers were funneled to Billpoint

---

[1] Neither party explains the distinction between premier and business accounts. Plaintiffs each possess a premier account. While it is not necessary to reach the issue at the pleading stage, insofar as Plaintiffs seek to represent a class of "all auction sellers on eBay" and "all auction sellers on eBay who accepted PayPal," Complaint ¶¶ 116-17, any amended pleading should provide an explanation to assist the Court at the certification stage.

2

through a "buy it now" feature; (4) sellers were required either to have a credit card merchant account or to accept Billpoint to be included in eBay stores; (5) preferential placement was provided to Billpoint on eBay's end of auction emails; (6) saved preferences for PayPal were replaced with Billpoint preferences; and (7) buyers were required to use a checkout feature that presented marketing materials for Billpoint and directed the buyer to a Billpoint payment form.

Plaintiffs allege that following the acquisition of PayPal, eBay implemented new policies: sellers now are required either to accept PayPal or to have a separate merchant account for Payment Cards,[2] and insurance protection for non-PayPal transactions has been eliminated. Plaintiffs also contend that eBay began to market PayPal exclusively and began excluding competitor person-to-person online payment systems. Plaintiffs allege that separate PayPal products have been "tied" together.

EBay has marketing agreements with AOL, Yahoo and Google. Plaintiffs assert that these agreements were designed to eliminate market competition. Plaintiffs also allege that the agreements with AOL and Google were designed to prevent AOL from entering the online auction business. The agreement with online auction competitor Yahoo allegedly creates a territorial division of markets; provides Yahoo with exclusive rights to serve advertisements on eBay's US website; requires Yahoo to adopt PayPal as the exclusive service in its "wallet payment method;" requires eBay to co-brand and fit its toolbar with Yahoo links, search, and email functionality; and articulates a plan to collaborate on methods to increase the quality and comprehensiveness of Yahoo search results for eBay.com and provide Yahoo search users with eBay listings.

On June 8, 2007, eBay filed moved to dismiss the consolidated class action complaint pursuant to Fed. R. Civ. Proc. 12(b)(6). EBay seeks dismissal of Plaintiffs' first, second, third, fourth, fifth and seventh claims on the grounds that Plaintiffs have not: (1) properly pled a "relevant market," which is a necessary predicate to all of the antitrust claims; (2) identified any exclusionary or anticompetitive conduct sufficient to support monopolization or attempted

---

[2] Plaintiffs use the term "Payment Cards" to refer to Visa and Mastercards.

Case No. C 07-01882 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC1)

monopolization claims; (3) sufficiently alleged antitrust injuries; or (4) alleged facts necessary to support the conclusion that alleged the "tying" arrangement poses a threat to competition under either the Sherman Act or the Clayton Act. Plaintiffs oppose the motion. The Court heard oral argument on September 14, 2007.

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

### 1. Abuse of Monopoly Power and Monopoly Maintenance

A claim of monopolization under § 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market; and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident. *U.S. v. Grinnell Corp.*, 384 U.S. 563, 570 (1966); *see also Verison Commc'ns Inc. v. Law Offices of Curtis*, 540 U.S. 398, 407 (2004); *Twin City Sportservice, Inc. v. Charles O. Finley & Co.*, 512 F.2d 1264, 1270 (9th Cir. 1975). A civil claim requires the further showing of an injury caused by the violation. *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 855 (9th Cir. 1995); *P. Express, Inc. v. United Airlines, Inc.*, 959 F.2d 814, 817 (9th Cir. 1992). EBay argues that Plaintiffs' first and third claims should be dismissed because Plaintiffs have not alleged adequately a relevant market, anticompetetive behavior and an antitrust injury.

### a. Monopolization and Attempted Monopolization

To survive a motion to dismiss a claim under § 2 of the Sherman Act a plaintiffs must delineate a relevant market and show that the defendant has restrained trade in that market. *Bhan*

4

*v. NME Hosp., Inc.*, 929 F.2d 1404, 1413 (9th Cir. 1991). "'Relevant market,' for the purpose of assessing monopolization or an attempted monopolization claim, is generally defined as a pool of services that are reasonably interchangeable and are therefore economic substitutes for one another." *W. Parcel Exp. v. United Parcel Serv. of America, Inc.*, 65 F. Supp. 2d 1052, 1058 (N.D. Cal. 1998). "Where the plaintiff fails to define its proposed relevant market with reference to the rule of reasonable interchangeability and cross-elasticity of demand, or alleges a proposed relevant market that clearly does not encompass all interchangeable substitute products even when all factual inferences are granted in plaintiff's favor, the relevant market is legally insufficient and a motion to dismiss may be granted. *Queen City Pizza, Inc. v. Domino's Pizza Inc.*, 124 F.3d 430, 436 (9th Cir. 1997).

Plaintiffs argue that two relevant markets are present here: (1) the market for online auctions; and (2) the market for person-to person payments. EBay asserts that Plaintiffs' market definitions are too narrow because Plaintiffs have not acknowledged interchangeable alternatives to both eBay and Paypal. However, because Plaintiff does not claim that eBay's product alone constitutes a market, the cases eBay cites to support its argument are inapposite.[3]

In *Brownlee v. Applied Biosystems Inc.*, No. 88 20672, 1989 WL 53864 (N.D. Cal. Jan. 9, 1989), the defendants sought dismissal on the ground that "plaintiffs have narrowly defined a the relevant market to exclude everyone but the parties to the suit and [therefore] such a market is implausible as a theoretical matter." *Id.* at *3. The court rejected these arguments explaining:

> Here defendants have filed a motion to dismiss . . . . Thus, there has been no
> evidence presented regarding the relevant market. Although plaintiffs' market is
> narrowly defined and may be implausible as a theoretical matter, plaintiffs are
> entitle to the opportunity to prove their allegation that there is a [relevant market].

*Id.* Plaintiffs in the instant case similarly are entitled to an opportunity to prove their allegations.

    **b.**    <u>Willful Acquisition</u>

---

[3] EBay cites *Tanaka v. Univ. of S. Cal.*, 252 F.3d 1290 (10th Cir. 2001) (involving a relevant market defined as the UCLA women's soccer program); and *Mathias v Daily News, L.P.*, 152 F. Supp.2d 465 (S.D.N.Y. 2001) (involving a market definition of a single newspaper).

5

Plaintiffs allege that eBay engaged in three types of anticompetitive conduct: (1) acquisition of person-to-person electronic payment services; (2) adoption of new policies designed to promote PayPal; and (3) negotiation of marketing agreements with potential competitors. Plaintiffs argue that this behavior has harmed the consumer by causing sellers to pay "artificially inflated and supra-competitive fees." EBay seeks to dismiss Plaintiffs' Sherman Act claims on the ground that the complaint does not sufficiently allege anticompetitive behavior. In their opposition papers, Plaintiffs focus exclusively on eBay's acqustion of PayPal.

"With certain exceptions for conduct regulated as *per se* illegal because of its unquestionably anticompetitive effects, the behavior proscribed by the [Sherman] Act is often difficult to distinguish from the gray zone of socially acceptable and economically justifiable business conduct." *United States v. United States Gypsum Co.*, 438 U.S. 422, 440-41 (1978). Plaintiffs' argument that eBay's alleged behavior is anticompetitive relies primarily on *United States v. Microsoft Corp.*, 253 F.3d 34 (D.C. Cir. 2001). In *Microsoft*, the court summarized the many factors that have been developed by courts over time to identify anticompetitive behavior. The court explained that a *prima facie* case of anticompetitive behavior involves two requirements: (1) the plaintiff must allege a harm to the competitive process as distinct from the a harm to one or more competitors; and (2) the plaintiff must demonstrate that the conduct indeed has the requisite anticompetitive effect. *Id.* at 58. Once a *prima facie* case has been established the defendant may proffer a "procompetitive justification" for its conduct. *Id.* at 59. If that justification stands unrebutted, then the plaintiff must demonstrate that the anticompetitive harm outweighs the procompetetive benefit. *Id*. Applying these criteria, the court found that anticompetitive behavior in a market other than the "relevant market" could serve as the predicate for an antitrust claim if it had the requisite effect on competition in the relevant market. Here, Plaintiffs allege that eBay's acqustion of electronic payment services and exclusion of competing services is anticompetitive because if eBay allowed its competitors to purchase electronic payment systems, the competition would be able to break into the relevant market of

6

1   online auctions. These allegations satisfy all of the requirements of a *prima facie* case.[4]

2         EBay argues that its acquisition of PayPal does not constitute anticompetitive behavior

3   because the purpose of its conduct was to expand a set of services that eBay needed in its

4   marketplace. This argument is misplaced. A procompetetive benefit may rebut a *prima facie*

5   case. However, to survive dismissal Plaintiffs are required only to establish a *prima facie* case.

6                    c.      Antitrust Injury

7         To sustain a private right of action under the Clayton Act and the Sherman Act, a plaintiff

8   must plead antitrust injury. *Glen Holly Entm't, Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1007-08

9   (9th Cir. 2002) (involving a claim brought pursuant to the Sherman Act); *Pac. Coast Arg. Exp.*

10  *Ass'n v. Sunkist Growers, Inc.*, 526 F.2d 1196, 1205 (9th Cir. 1975) (involving a claim brought

11  pursuant to the Clayton Act). As the Ninth Circuit has explained:

12        A plaintiff may only pursue an antitrust action if it can show "antitrust injury,
          which is to say injury of the type the antitrust laws were intended to prevent and
13        that flows from that which makes defendants' acts unlawful." *Atlantic Richfield
          Co. v.. USA Petroleum Co.*, 495 U.S. 328, 334, 110 S.Ct. 1884, 109 L.Ed.2d 333
14        (1990) . . . Parsing the supreme Court's definition, we can identify four
          requirements for antitrust injury: (1) unlawful conduct, (2) causing an injury to the
15        plaintiff, (3) that flows from that which makes the conduct unlawful, and (4) that
          is of the type the antitrust laws were intended to prevent.
16
    *Am. Ad Mgmt., Inc v. Gen. Tel. Co.*, 190 F.3d 1051, 1055 (9th Cir. 1999).
17
          EBay asserts that Plaintiffs have not adequately pled an antitrust injury because the
18
    complaint alleges only that one group of consumers–eBay vendors–has been injured and does not
19
    allege any injury to eBay customers who are also consumers in the relevant market. While the
20
    law in this circuit is clear that "[a]ntitrust injury requires the plaintiff to have suffered its injury in
21
    the market where competition is being restrained," *Id.* at 1057, the Court is not aware of any
22
    authority requiring a *consumer* to plead injury to a consumer who is not party to the lawsuit.
23
    EBay cites a line of cases holding that *competitors* seeking a private right of action must show
24
    harm to consumers although the consumers are not party to the lawsuit because harm to
25

26
          [4] In its reply brief, eBay seeks to distinguish *Microsoft* from the instant case by asserting
27  that Plaintiffs have not alleged behavior that rises to the level of misconduct alleged in *Microsoft*
    and in *United States v. Visa U.S.A. Inc.*, 344 F.3d 229 (2d Cir. 2003). These arguments speak to
28  the strength rather than the sufficiency of Plaintiff's allegations.

                                        7

competition alone is not deemed a sufficient antitrust injury. *See e.g.*, *J. Allen Ramey, M.D., Inc. v. Pac. Found for Med Care*, 999 F. Supp. 1355, 1360 (S.D. Cal. 1998) ("The Court must be particularly sensitive to the antitrust injury requirements in this case because Plaintiff is a competitor, not a consumer."). Here, Plaintiffs, as auction sellers, are consumers of eBay services and need only satisfy the antitrust injury pleading requirement as to themselves. The parties do not dispute that Plaintiffs have met that requirement. Accordingly, the Court concludes that Plaintiffs have adequately pled antitrust injury.

### 2. **Claim 5 Per Se and Unreasonable Tying**

In *Eastman Kodak Co. v. Image Tech Servs.*, 504 U.S. 45 (1992) the Supreme Court articulated four elements of a *per se* tying claim under §1 of the Sherman Act: (1) the tying arrangement must affect a substantial amount of interstate commerce; (2) the two tied products actually must be distinct; (3) the defendant must actually tie the sale of the two products; and (4) the seller must have appreciable market power in the tying product. *Id.* at 462-64. EBay does not argue that Plaintiffs have failed to plead these elements. Instead, it asserts that under modern antitrust principles, Plaintiffs also must plead a fifth element: "pernicious effect on competition and lack . . . of any redeeming virtue." *Norther Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958). Plaintiffs dispute that this element is a requirement of all *per se* tying claims or that it is a necessary element in this particular case.

The Ninth Circuit has adopted the pernicious effect requirement, explaining that "the hallmark of a tie-in is that it denies competitors free access to the tied product market." *Seigel v. Chicken Delight*, 448 F.2d 43, 47 (9th Cir. 1971) (citing *Norther Pac. Ry. Co.*); *see also Morrison v. Viacom, Inc.*, 66 Cal. App. 4th 534, 546 (1998) (sustaining demurrer without leave to amend where defendants established that the challenged practice had no effect on competition in the tied product market). Numerous federal courts have rejected tying claims on these grounds. *See, e.g.*, *United Magazine Co. v. Murdoch Magazines Distrib.*, *Inc.*, 146 F. Supp. 2d 385, 400 (S.D.N.Y. 2001) (rejecting a tying claim where the plaintiff alleged that the tied product was not wanted observing that, if the tied product "would not have been purchased at all, no

8

competition in the market for those tied products was foreclosed."); *Driskill v. Dallas Cowboys Football Club, Inc.*, 498 F.2d 321, 323 (5th Cir. 1974). The complaint simply alleges that:

> EBay's tying conduct has had and/or is likely to have, among other things, the following effects: actual and potential competition *in the person-to-person online payment systems* has been injured, limited, reduced, restrained, suppressed, and effectively foreclosed; and *eBay auction sellers* that accept PayPal have paid or are likely to pay artificially inflated prices caused by reduction in competition.

Complaint at ¶ 152 (emphasis added). Thus, under the standards applicable in the Ninth Circuit Plaintiffs have not alleged sufficiently that a tie actually caused harm to competitors in the online auction market. Accordingly, Plaintiffs fifth claim will be dismissed with leave to amend.

### 3. **Unfair Competition**

The UCL defines "unfair competition" to include "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. § 17200. By proscribing any "unlawful" business practice, the UCL "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999). The UCL has been interpreted broadly to prohibit unfair competition. *See, e.g.*, *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal.4th 553 (1998). As set forth above, the Court concludes that Plaintiffs have adequately pled abuse of monopoly power and monopoly maintenance and thus have stated a predicate claim.

### IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is granted with leave to amend as to Plaintiffs' fifth claim and otherwise is denied. Any amended complaint shall be filed not later than thirty (30) days from the date of this order.

DATED: March 4, 2008.

_____
JEREMY FOGEL
United States District Judge

9

This Order has been served upon the following persons:

Michael Andrew McShane       mmcshane@audetlaw.com

Beverly Tse     btse@kmslaw.com

Christine Pedigo Bartholomew       cbartholomew@finkelsteinthompson.com

Daniel Hume   dhume@kmslaw.com

David E. Korvel       dkorvel@kmslaw.com

I. Stephen Rabin       srabin@rabinpeckel.com

Jeff D Friedman       jeff@hbsslaw.com

Jeffrey Squire       squire@bragarwexler.com

Joseph P. Garland       jpg65@columbia.edu

Joseph V. McBride       jmcbride@rabinpeckel.com

Julie Dawn Wood       jwood@omm.com

Thomas Patrick Brown       tbrown@omm.com

Brynly R. Llyr       bllyr@omm.com

Case No. C 07-01882  JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC1)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11

Case No. C 07-01882 JF (RS)
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS
(JFLC1)