**\*E-FILED 8/22/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | NO. C 07-1882 JF (RS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** |

_____/

## I. INTRODUCTION

Plaintiffs in this putative class action move to compel the production of documents from defendant eBay, Inc. ("eBay") pursuant to Rule 37 of the Federal Rules of Civil Procedure. EBay opposes the motion. For the reasons stated below, the motion will be granted in part and denied in part.

## II. BACKGROUND[1]

On April 4, 2007, plaintiffs filed a class action complaint against eBay alleging violations of the Sherman Antitrust Act ("Sherman Act") §§ 1 & 2 and the California Business & Professional Code §§ 1620 & 17200. The complaint asserts seven claims: (1) abuse of monopoly power and monopoly maintenance for online auctions; (2) attempted monopolization of the market for online auctions; (3) abuse of monopoly power and monopoly maintenance in the market for person-to-

---

[1] In the presiding judge's March 4, 2008 order granting in part and denying in part eBay's motion to dismiss, the court laid out the complaint's extensive facts. The factual background, therefore, will not be repeated here. Only the procedural history necessary for the instant motion is presented.

1

person online payment systems; (4) attempted monopolization of the market for person-to-person online payment systems; (5) *per se* unreasonable tying; (6) unlawful trust, combination or conspiracy in restraint of trade and commerce; and (7) unfair business practices.

On June 8, 2007, eBay moved to dismiss the consolidated class action complaint pursuant to Fed. R. Civ. P. 12(b)(6). Prior to the court's decision on eBay's motion to dismiss, plaintiffs filed an amended complaint on May 11, 2007, alleging the same seven claims for relief. In his March 4, 2008 order, the presiding judge dismissed, with leave to amend, plaintiffs' *per se* tying claim under Sherman Act § 1, which plaintiffs thereafter decided not to pursue.

On July 9, 2008, plaintiffs filed the instant motion to compel eBay to produce documents responsive to document request numbers 10-11, 14-15, 18-19 (set one), and 29 (set two). Document request number 29 seeks all documents related to eBay's interaction with PayPal, Inc., eBay's online payment service. The remaining document requests seek discovery of eBay's domestic and international agreements with certain third parties — America Online, Inc., Yahoo! Inc., and Google Inc. (collectively "third parties") — as well as communications and underlying strategy documents relating to those agreements. At oral argument, much of the discussion concerned the international agreements with these third parties. Plaintiffs argued that those documents could lead to the discovery of relevant evidence while eBay contended that they were neither relevant to any claims or defense in the case nor discoverable under the Foreign Trade Antitrust Improvements Act 1982 ("FTAIA"), 15 U.S.C. § 6a.

## III.  DISCUSSION

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. While not necessarily relevant directly to any claims or defenses presented in this case, at least some of the agreements with the third parties, including those connected to activities overseas, may reflect upon plaintiffs' claims that eBay engaged in a strategy to remove competitors from the marketplace. Upon review, those materials may prove not to be

2

either relevant or admissible, but at this stage, plaintiffs have shown good cause for controlled discovery of such documents. Moreover, eBay's argument that it does not need to produce the international agreements pursuant to the FTAIA is unavailing in that the act governs extraterritorial liability, *F. Hoffmann-Law Roche Ltd. v. Empagran S.A.*, 542 U.S. 155, 158 (2004), not the discoverability of evidence. The act does not change Rule 26(b)(1)'s applicability in the instant action as relevance does not necessarily stop at the shores of the United States.

That said, to require production of all third party agreements and backup materials at this junction would be premature in light of the significant probability that a number of these contracts and agreements may have nothing whatsoever to do with the issues in this litigation. Accordingly, once eBay has produced all the domestic and international agreements, the parties are ordered to meet and confer to determine if additional information should be produced pertaining to any of them.

## IV. CONCLUSION

Accordingly, plaintiffs' motion to compel is granted in part and denied in part as follows:

(1) eBay shall produce all domestic and international agreements responsive to plaintiffs' requests

(2) The parties shall meet and confer to determine if additional discovery, as it relates to any of those agreements, is warranted and will be produced without further motion practice.

(3) The motion is denied to the extent that it seeks the production of documents beyond the scope explained above.

IT IS SO ORDERED.

Dated: August 22, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 07-1882 RS

3

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Beverly Tse    btse@kmllp.com

Brynly R. Llyr    bllyr@omm.com, dbordessa@omm.com

Christine Pedigo Bartholomew    cbartholomew@finkelsteinthompson.com, sanfran@finkelsteinthompson.com

Daniel Hume    dhume@kmslaw.com

David E. Kovel    dkovel@kmllp.com

I. Stephen Rabin    srabin@rabinpeckel.com, info@rabinpeckel.com

Jeff D Friedman    jefff@hbsslaw.com, geoge@hbsslaw.com, jon@hbsslaw.com, nancyq@hbsslaw.com, sf_filings@hbsslaw.com

Jeffrey Squire    squire@bragarwexler.com

Joseph P. Garland    jpg65@columbia.edu

Joseph V. McBride    jmcbride@rabinpeckel.com

Julie Dawn Wood    jwood@omm.com

Michael Andrew McShane    mmcshane@audetlaw.com

Shana E. Scarlett    nancyq@hbsslaw.com, shanas@hbsslaw.com

Thomas Patrick Brown    tbrown@omm.com, dbordessa@omm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 8/22/08**                                                                                  **Richard W. Wieking, Clerk**

                                                                                                **By:    Chambers**

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL
C 07-1882 RS