\*\*E-Filed 9/25/08\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | Case Number C 07-01882 JF (RS)<br><br>ORDER[1] DENYING MOTION TO INTERVENE AND MOTION FOR JOINDER PARTY INTERVENTION<br><br>[re: doc. no. 85] |

Gilberto Felix and Gino Romano (collectively, "Proposed Intervenors"), proceeding *pro se*, move to intervene in the instant putative class action (hereinafter the "*eBay* Litigation").[2] Plaintiffs oppose the motion. The Court finds that the motion is appropriate for submission without oral argument pursuant to Civ. L. R. 7-1(b). For the reasons set forth below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports.

[2] The heading of Proposed Intervenors' motion states "Motion for Reconsideration," "Motion to Intervene as Plaintiffs under Rule 24(a)(2)," and "Motion for Joinder Party Intervenetion [sic] Rule 20 & 23." The motion does not mention any past order subject to reconsideration, and Proposed Intervenors are making their first appearance in this matter. Accordingly, the Court considers the present motion only as a motion to intervene under Fed. R. Civ. P. 24(a)(2) and for joinder under Fed. R. Civ. P. 20 and 23.

# I. BACKGROUND

Gilberto Felix currently is incarcerated at Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina. The identity and location of Gino Romano is unknown, as Proposed Intervenors' motion only provides a post office box address in Endicott, New York. However, Mr. Romano may be an alias for Jonathan Lee Riches.[3] Mr. Riches currently is incarcerated in the same facility as Mr. Felix.[4]

Mr. Riches is a central figure with respect to the instant motion, as Proposed Intervenors allege the following basis for intervention:

> Intervenors have a [sic] interest in this litigation. eBay hired a convicted computer hacker named Jonathan Lee Riches to antitrust the world and steal eBay customer accounts. Jonathan Lee Riches is all over web logs and search engines, check his name and you will see he manipulated eBay sellers [sic] ratings and sold Gilberto Felix dolls which is copyright infringement. eBay claims Gino Romano is a [sic] alias to Jonathan Lee Riches. Mr. Riches was convicted of defrauding eBay 72.8 million dollars in eBay fraud losses. Intervenors are a victim in this case, thats [sic] why they intervene.

The *eBay* litigation involves allegations of monopolization and imposition of anticompetitive fees upon eBay sellers. *See*, *e.g.*, Consolidated Class Action Complaint ¶¶ 3-4, May 11, 2007. Plaintiffs represent a putative class of all auction sellers on eBay. *Id.* ¶ 116.

# II. DISCUSSION

Proposed Intervenors assert that they have a right of intervention pursuant to Fed. R. Civ. P. 24(a)(2). Alternatively, Proposed Intervenors seek "joinder intervention" under Fed. R. Civ. P. 20 and 23.

---

[3] *See*, *e.g.*, http://news.justia.com/cases/jonathan-lee-riches/.

[4] *See* http://www.bop.gov/iloc2/LocateInmate.jsp.

2

Case No. C 07-01882 JF (RS)
ORDER DENYING MOTION TO INTERVENE ETC.
(JFLC1)

### A. Intervention under Rule 24(a)(2)

Intervention under Rule 24(a)(2), also categorized as an "intervention of right," should be granted where a intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001).

The Ninth Circuit has established a four-part test for granting intervention under Rule 24(a): (1) the motion to intervene must be timely; (2) the applicant must assert a "significantly protectable" interest that is related to the subject matter of the litigation; (3) the intervenor applicant must be in a situation where disposition of the litigation may, as a practical matter, impair or impede the "significantly protectable" interest; and (4) the applicant's interest must be inadequately represented by the current parties. *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107-08 (9th Cir. 2002) (citing *Wetlands Action Network v. United States Army Corps of Eng'rs*, 222 F.3d 1105, 1113-14 (9th Cir. 2000)). The party seeking intervention "bears the burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (emphasis in original).

Plaintiffs assert that the instant motion fails all four prongs of the *Kootenai* test. First, Plaintiffs point out that the motion was made fifteen months after the filing of the consolidated class action complaint. While this may be true, the motion is not necessarily untimely

3

considering that Proposed Intervenors are proceeding *pro se*, and at least one of the applicants has been incarcerated for several years, which may limit his access to information.

However, the motion clearly fails to meet the second prong of the *Kootenai* test. From their moving papers, it appears that Proposed Intervenors are asserting copyright infringement, fraud and perhaps defamation, all allegedly committed by eBay. Even assuming such claims represent a "significantly protectable" interest, such interest is not related in any way to the antitrust litigation currently before the Court. *See Alisal*, F.3d at 919 (to intervene, "an economic interest must be concrete and related to the underlying subject matter of the action."). Moreover, because Proposed Intervenors' interest is not related to the subject matter of the *eBay* litigation, there is no risk that their interests will be adversely affected by disposition of the *eBay* litigation. Thus, the motion also fails to satisfy the third *Kootenai* requirement.

Finally, intervention under *Kootenai* requires that the "applicant's interest must be inadequately represented by the parties." 313 F.3d at 1108. As discussed previously, because Proposed Intervenors' alleged interest is not related to the subject matter of the *eBay* litigation, there is no basis for concern regarding inadequate representation. Moreover, if Proposed Intervenors do have any interests related to the subject matter of this litigation, and merely have failed to describe those interests adequately, there is no reason to believe that such interests are not already protected by the current class. *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942-43 (10th Cir. 2005) ("If the court determines that the absent class members are adequately represented, intervention as of right under Rule 24(a) should be unavailable.") (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1799, at 246 (3d ed. 2005)).[5]

---

[5] The Court concludes finds that permissive joinder, under Fed. R. Civ. P. 24(b), is inappropriate because there is no common question of law or fact shared by Proposed

B.  Joinder under Rule 20 or Rule 23

Rule 20(a)(1)(A)-(B) allows for permissive joinder of parties where "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action."  Thus, permissive joinder requires that any question of law or fact must be common to all plaintiffs.  As discussed previously, Proposed Intervenors' claims are unrelated to the subject matter of the *eBay* litigation, joinder of Mr. Felix and Mr. Romano would not serve judicial economy.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

Fed. R. Civ. P. 23 addresses the procedure for bringing class actions in federal court; it does not provide a mechanism for intervention or joinder.  Assuming that Proposed Intervenors are seeking to join the class in the *eBay* litigation, the Court finds that Proposed Intervenors' claims are not appropriate for consolidation because the allegations do not "involve the same or substantially similar issues of law and fact" that are present in the *eBay* litigation.  *See* Case Management Order No. 1, at ¶ 7, May 1, 2007.

---

Intervenors' claims and the subject matter of the *eBay* litigation. A court may grant permissive intervention when the applicant shows (1) independent grounds for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action share a common question of law or fact. *Southern Calif. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). Moreover, "[e]ven if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id*. (internal quotation marks and citation omitted).

Case No. C 07-01882 JF (RS)
ORDER DENYING MOTION TO INTERVENE ETC.
(JFLC1)

### III.  ORDER

Accordingly, IT IS HEREBY ORDERED that Intervenors' motion is DENIED.

DATED: September 24, 2008

_____
JEREMY FOGEL
United States District Court

6

Case No. C 07-01882 JF (RS)
ORDER DENYING MOTION TO INTERVENE ETC.
(JFLC1)

1  This Order has been served upon the following persons:

2  Beverly Tse    btse@kmllp.com

3  Christine Pedigo Bartholomew    cbartholomew@finkelsteinthompson.com, sanfran@finkelsteinthompson.com

4  Daniel Hume    dhume@kmslaw.com

5  David E. Kovel    dkovel@kmllp.com

6  I. Stephen Rabin    srabin@rabinpeckel.com, info@rabinpeckel.com

7  Jeff D Friedman    jefff@hbsslaw.com, geoge@hbsslaw.com, jon@hbsslaw.com,
8  nancyq@hbsslaw.com, sf_filings@hbsslaw.com

9  Jeffrey Squire    squire@bragarwexler.com

10  Joseph P. Garland    jpg65@columbia.edu

11  Joseph V. McBride    jmcbride@rabinpeckel.com

12  Julie Dawn Wood    jwood@omm.com

13  Michael Andrew McShane    mmcshane@audetlaw.com

14  Michael Frederick Tubach    mtubach@omm.com, kquintanilla@omm.com

15  Shana E. Scarlett    nancyq@hbsslaw.com, shanas@hbsslaw.com

16  Thomas Patrick Brown    tbrown@omm.com, dbordessa@omm.com

7

Case No. C 07-01882 JF (RS)
ORDER DENYING MOTION TO INTERVENE ETC.
(JFLC1)