**\*E-FILED 12/11/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | NO. C 07-1882 JF (RS) <br><br> **ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE** |

_____/

Defendant eBay, Inc. ("eBay") moves to compel responses to its first set of interrogatories from plaintiff Michael Malone in this putative class action pursuant to Rule 37 of the Federal Rules of Civil Procedure. Malone objects to responding to seventeen "contention" interrogatories (numbers 2, 3, 5-19) that generally ask for "all facts" supporting his: (1) market definition at issue in the case; (2) use of "interchangeable alternatives" to an online market; and (3) contention that he was injured by eBay's practices.[1] Plaintiffs' main objection relates to the timing of these interrogatories; that is, plaintiffs do not take the position that they need not respond to them, only that they are premature given the early stage of discovery. For the reasons stated below, the motion will be denied without prejudice.

---

[1] Indeed, six of the contention interrogatories ask for a "yes" or "no" response (interrogatory numbers 7, 9, 11, 14, 16, 18) and eleven demand "all facts" supporting various contentions (interrogatory numbers 2, 3, 5, 6, 8, 10, 12-13, 15, 17, 19).

1

Rule 33 of the Federal Rules of Civil Procedure governs contention interrogatories which seek to discover the factual basis for allegations in a complaint.[2] Rule 33(a)(2) provides that interrogatories may relate to any matter that may be inquired into under Rule 26(b) and is not objectionable merely because it asks for contentions that relate to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2). Under Rule 26(b)(1), parties may obtain discovery of any nonprivileged matter that is relevant to any party's claims or defenses, or "for good cause," discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Discovery may be limited, however, if it can be obtained from another source or the burden or expense of the proposed discovery outweighs its likely benefit. *Id.* As a result, a court may order that a party does not need to answer a contention interrogatory until designated discovery is complete or at some later time. Fed. R. Civ. P. 33(a)(2).

Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked before discovery is undertaken. *Tennison v. City & County of San Francisco*, 226 F.R.D. 615, 618 (N.D. Cal. 2005). In fact, courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery almost is complete. *See*, *e.g.*, *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 95 (E.D. Pa. 1992); *Convergent*, 108 F.R.D. at 332-38. One court in this district expressed its considerable skepticism about the use of contention interrogatories at the early stages of discovery and fashioned four guidelines under which to assess the propriety of such discovery requests. *Convergent*, 108 F.R.D. at 338.

Under these guidelines, the moving party must demonstrate that interrogatory responses would contribute meaningfully to: (1) clarifying the issues in the case; (2) narrowing the scope of the dispute; (3) setting up early settlement discussion; or (4) exposing a substantial basis for a motion under Rule 11 or Rule 56. *Id.* at 338-39. The court noted that it would not employ the guidelines

---

[2] *In re Convergent Technologies Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) presents a meaningful summary of the various types of contention interrogatories.

rigidly, *id*. at 337, but rather that the decision must be made on a case by case basis.[3] *Amax Coal Co. v. Adams*, 597 N.E.2d 350, 353 (Ind. App. 1992).

While courts have denied contention interrogatories based solely on the grounds set forth in Rule 26, such as overbreadth or undue burden, *see Cable*, 175 F.R.D. at 652; *Anaya*, 2007 WL 2219458, at *7, the guidelines presented in *Convergent* add a useful starting point for examining the timing of submitted contention interrogatories. Applying those guidelines here, as well as the limits set forth in Rule 26, eBay's contention interrogatories are premature at this stage of discovery. eBay's contention interrogatories seek answers to two of the major issues in the case: market definition and damages. It is not apparent how these broad interrogatories, particularly those that track plaintiffs' complaint, will serve to clarify the issues or narrow the scope of the litigation at this juncture.

Additionally, pursuant to Rule 26, because the contention interrogatories eBay advances seek "all facts" supporting Malone's allegations, they are overly broad and unduly burdensome on their face. *Anaya*, 2007 WL 2219458, at *7; *see* Fed. R. Civ. P. 26(b)(2)(C) (stating that the court must limit discovery if the burden of the proposed discovery outweighs its likely benefit). Indeed, if Malone were to respond now, his answers likely would be materially incomplete as soon as eBay begins its document production. Moreover, the tentative nature of any responses generated at this stage would be of questionable value to the goal of efficiently advancing the litigation. In any event, eBay has access to a number of discovery tools through which it can obtain the information it seeks, including Malone's deposition. *Convergent*, 108 F.R.D. at 339; *see* Fed. R. Civ. P. 26(b)(2)(C)

---

[3] The same court, for example, used different guidelines in *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 287 (N.D. Cal. 1991), because it held that appropriately framed and timed contention interrogatories may in certain cases, such as the patent infringement action before it, be the most reliable and cost-effective discovery device. In line with this non-rigid rule, other courts have been reluctant to apply the guidelines in some instances. *See*, *e.g.*, *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 651-53 (C.D. Cal. 1997); *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 107 (D.N.J. 1990); *Anaya v. CBS Broad. Inc.*, No. CIV 06-0476 JBKBM, 2007 WL 2219458, at *9 (D.N.M. May 16, 2007); *InternetAd Sys., LLC v. ESPN, Inc.*, No. Civ.A.3:03CV2787-D, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004); *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1996 WL 169389, at *2 (N.D. Ill. Apr. 9, 1996).

3

(providing that discovery must be limited if the proposed discovery can be obtained from some other source that is more convenient).

There is no dispute that, at some point, Malone will have to respond fully to these discovery requests because eBay is entitled to the relevant information they seek to elicit.  For the foregoing reasons, however, eBay's motion is denied without prejudice.  *See Tennison*, 226 F.R.D. at 618 (granting motion to compel contention interrogatory responses late in the discovery process); *City & County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 222 (N.D. Cal. 2003) (determining that plaintiffs need not respond to defendants' broad contention interrogatories at the early stage of litigation); *Fischer*, 143 F.R.D. at 96 (denying contention interrogatories where substantial discovery had not been completed).

IT IS SO ORDERED.

Dated: December 11, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE
C 07-1882 RS

4

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Beverly Tse    btse@kmllp.com

Christine Pedigo Bartholomew    cbartholomew@finkelsteinthompson.com, sanfran@finkelsteinthompson.com

Daniel Hume    dhume@kmslaw.com

David E. Kovel    dkovel@kmllp.com

I. Stephen Rabin    srabin@rabinpeckel.com, info@rabinpeckel.com

Jeff D Friedman    jefff@hbsslaw.com, geoge@hbsslaw.com, jon@hbsslaw.com, nancyq@hbsslaw.com, sf_filings@hbsslaw.com

Jeffrey Squire    squire@bragarwexler.com

Joseph P. Garland    jpg65@columbia.edu

Joseph V. McBride    jmcbride@rabinpeckel.com

Julie Dawn Wood    jwood@omm.com, ihaas@omm.com

Katherine Robison    krobison@omm.com, srw@mjllp.com

Michael Andrew McShane    mmcshane@audetlaw.com

Michael Frederick Tubach    mtubach@omm.com, kquintanilla@omm.com

Shana E. Scarlett    nancyq@hbsslaw.com, shanas@hbsslaw.com

Steve W. Berman    carrie@hbsslaw.com, steve@hbsslaw.com

Thomas Patrick Brown    tbrown@omm.com, dbordessa@omm.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 12/11/08**                                         **Richard W. Wieking, Clerk**

                                                            **By:    Chambers**

ORDER DENYING MOTION TO COMPEL WITHOUT PREJUDICE
C 07-1882 RS

5