**E-Filed 1/15/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | Case Number C 07-1882 JF (RS)<br><br>ORDER[1] (1) DENYING MOTION FOR RECONSIDERATION AND (2) DENYING MOTION TO INTERVENE<br><br>[re:  doc. no. 121] |

Jonathan Lee Riches, proceeding *pro se*, moves for the second time to intervene in the instant putative class action (hereinafter the "*eBay* Litigation").  Mr. Riches also seeks reconsideration of the Court's denial of his first motion for leave to intervene.  No opposition has been filed.[2]  The Court finds that the motions are appropriate for submission without oral argument pursuant to Civ. L. R. 7-1(b).  For the reasons set forth below, both the motion for reconsideration and the motion to intervene will be denied.

---

[1] This disposition is not designated for publication in the official reports.

[2] Class Plaintiffs filed opposition to the previous motion.

Case No. C 07-1882 JF (RS)
ORDER DENYING MOTION FOR RECONSIDERATION ETC.
(JFLC1)

## I. BACKGROUND

Mr. Riches currently is incarcerated at Federal Correctional Institution (FCI) Williamsburg in Salters, South Carolina. He has made a reputation for himself by filing numerous lawsuits of questionable legitimacy.[3] The justification offered for intervention here is similar to that set forth in his first motion for leave to intervene. The instant motion claims, *inter alia*, that:

> Intervenors have a vested interest in this litigation to support plaintiffs [sic] claim against eBay. Jonathan Lee Riches was convicted in federal court for eBay fraud and can provide newly discovered evidence showing eBays [sic] neglect for customers [sic] privacy, security, and eBay violating antitrust laws. We have important documents, exhibits, IP addresses and saved computer hardware files about eBay.

The *eBay* Litigation involves allegations of monopolization and imposition of anticompetitive fees upon eBay sellers. *See, e.g.*, Consolidated Class Action Complaint ¶¶ 3-4, May 11, 2007. Plaintiffs represent a putative class of all auction sellers on eBay. *Id.* ¶ 116. It appears that Mr. Riches has tailored the instant motion in light of the Court's earlier explanation of the nature of the eBay Litigation, as his first attempt to intervene was based upon his alleged knowledge of fraud and copyright violations by eBay. The instant motion contains reference to antitrust violations, and Mr. Riches has added as proposed intervenors Stephanie Zacharek and Dana Stevens, who apparently are entertainment writers for Salon.com ("Salon") and Slate.com ("Slate") respectively. The purported addition of Ms. Zacharek and Ms. Stevens is somewhat suspect, as the contact address listed for both is 813 S. 2nd St., Monmouth IL 61462, but neither Slate or Salon maintains offices at that address.[4] Moreover, the phone number listed for these

---

[3] *See, e.g.*, http://news.justia.com/cases/jonathan-lee-riches/.

[4] *See* http://www.salon.com/press/fact/; http://www.slate.com/id/2147071/.

2

two individuals is the same as the phone number listed for the White House switchboard.[5]  Under these circumstances, the Court will not consider Mr. Riches' attempt to include Ms. Zacharek and Ms. Stevens as proposed intervenors.

## II.  DISCUSSION

A.  Motion for Reconsideration

A party seeking reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L. R. 7-9(b).  *See also Sch. Dist. No. 1J, Multnomah County v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("There may also be other, highly unusual, circumstances warranting reconsideration.").  The instant motion does not meet any of the above criteria.  As set forth in the Court's prior order, as well as in additional detail below, Mr. Riches does not have a vested interest in the eBay Litigation that would support intervention as of right.  Further, the remoteness of Mr. Riches' grievances to the subject matter of the eBay Litigation does not support his joinder as an additional class plaintiff.

B.  Intervention

Intervention under Rule 24(a)(2), also categorized as an "intervention of right," may be granted only when the proposed intervenor "claims an interest relating to the property or

---

[5] *See* http://www.whitehouse.gov/contact/.

transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Here, Mr. Riches has no protectable interest that will be affected by the eBay Litigation. Moreover, his motion for leave to intervene as of right appears to be frivolous. Accordingly, intervention pursuant to Rule 24(a)(2) also will be denied.[6]

Alternatively, a court may grant permissive intervention when the applicant shows (1) independent grounds for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action share a common question of law or fact. *Southern Calif. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Id*. (internal quotation marks and citation omitted). In the instant case, it is very doubtful that an adequate ground for jurisdiction exists. Moreover, in light of Mr. Riches' shifting legal theories, it is highly unlikely that there is any common question of law or fact that would support permissive intervention. Even if there were a legitimate claim for relief that could support

---

[6] Moreover, even if Mr. Riches has an interest related to the subject matter of this litigation, and merely has failed to describe his interest adequately, there is no reason to believe that such interest is not already protected by the current class. *See DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 942-43 (10th Cir. 2005) ("If the court determines that the absent class members are adequately represented, intervention as of right under Rule 24(a) should be unavailable.") (quoting 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1799, at 246 (3d ed. 2005)).

4

intervention, the Court has discretion to deny a request for permissive intervention. Accordingly, permissive intervention also will be denied.

### III.  ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motions for reconsideration and to intervene are DENIED. The Court will not entertain any future motions for leave to intervene by Mr. Riches.

IT IS SO ORDERED.

DATED: January 15, 2009

JEREMY FOGEL
United States District Court

1  This Order has been served upon the following persons:

2  Beverly Tse    btse@kmllp.com

3  Christine Pedigo Bartholomew    cbartholomew@finkelsteinthompson.com, sanfran@finkelsteinthompson.com

4  Daniel Hume    dhume@kmslaw.com

5  David E. Kovel    dkovel@kmllp.com

6  I. Stephen Rabin    srabin@rabinpeckel.com, info@rabinpeckel.com

7  Jeff D Friedman    jefff@hbsslaw.com, geoge@hbsslaw.com, jon@hbsslaw.com,
8  nancyq@hbsslaw.com, sf_filings@hbsslaw.com

9  Jeffrey Squire    squire@bragarwexler.com

10 Joseph P. Garland    jpg65@columbia.edu

11 Joseph V. McBride    jmcbride@rabinpeckel.com

12 Julie Dawn Wood    jwood@omm.com, ihaas@omm.com

13 Katherine Robison    krobison@omm.com, srw@mjllp.com

14 Michael Andrew McShane    mmcshane@audetlaw.com

15 Michael Frederick Tubach    mtubach@omm.com, kquintanilla@omm.com

16 Shana E. Scarlett    nancyq@hbsslaw.com, shanas@hbsslaw.com

17 Steve W. Berman    carrie@hbsslaw.com, steve@hbsslaw.com

18 Thomas Patrick Brown    tbrown@omm.com, dbordessa@omm.com

19 Jonathan Lee Riches
   #40948018
20 P.O. Box 340
   Salters, SC 29590

21

22

23

24

25

26

27

28

6

Case No. C 07-1882 JF (RS)
ORDER DENYING MOTION FOR RECONSIDERATION ETC.
(JFLC1)