**\*E-Filed 8/17/09\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | NO. C 07-1882 JF (RS)<br><br>**FURTHER ORDER RE: MOTION TO COMPEL TESTIMONY AND TRANSACTIONAL DATA** |

_____/

In its July 13, 2009 Order, the Court directed eBay, Inc. ("eBay") to provide a further deponent under Rule 30(b)(6) of the Federal Rules of Civil Procedure on certain transactional data issues and to submit a further declaration to clarify eBay's prior response. In particular, this additional discovery was to focus on how and to what extent the material plaintiffs request could be compiled from multiple data fields and at what cost. Responding to that directive, eBay presented Darren Bruntz, senior director of data warehouse development for eBay, as a declarant and for a further deposition.

Accepting that declaration as grounded in a sufficient foundation, the remaining forty-five requests fall into five basic categories. The first category consists of requests for data that eBay does

not collect or maintain (request numbers 5(c)-(d), (g), (j), (o)-(r)).[1] Accordingly, eBay will not be required to produce such information.

The second category contains the requests for information eBay tracks and collects (request numbers 2(a)-(g), (j)-(x)). Closely related thereto, the third category consists of requests for material that eBay only has collected from 2007 to the present (request numbers 5(a)-(b), (e)-(f), (i)). As mentioned in the Court's previous order, the threshold question depends on whether or not the combination or manipulation of individual data fields in an electronic database requires the creation of "new" data.

Bruntz's declaration makes clear that the information eBay seeks from these two categories can be derived from eBay's database through the combination or manipulation of its data fields. Formulating the queries plaintiffs seek might be complex and complicated, but running such queries involve the same process already utilized by other eBay business units seeking data. *See* Bruntz Decl., ¶ 3 ("I regularly receive requests from various departments within eBay for summaries and compilations of the data that eBay collects and tracks in its database. The requests . . . I receive range from what appear to be simple queries on data, to more complex compilations of data."). Because this information is not "new" or inaccessible, the cost shifting envisioned in *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 324 (S.D.N.Y. 2003), is not applicable.

A further issue as to categories two and three is whether producing the requested information would create a significant and unfair burden on eBay. eBay provides a detailed description of the costs involved in responding to the requests in these two categories. To collect all of this material, Bruntz states it will take an engineer 1,129 hours to formulate the necessary queries at an estimated cost of $172,150.[2] The time and cost associated with producing materials responsive to these

---

[1] Bruntz's declaration also included request 5(h), (n) in this category. The Court previously excluded these two requests because eBay represented that it produced documents responsive to them. The Court is left with the contradictory position that eBay produced the information, yet it now claims that it does not collect the information sought. With this contradiction in mind, eBay is ordered to produce documents responsive to the requests to the extent data is collected.

[2] For example, according to eBay, formulating a query for request 2(a) will take an engineer ninety-six hours and cost $14,400.

2

requests is not inconsequential. That said, Bruntz admits that his cost and time estimates are high because the scope of the searches are at the concept phase rather than at a detailed action phase. The actual cost and time of running these searches, therefore, is uncertain and might actually be much less than anticipated. Because eBay's financial and time burden already have been reduced significantly through denial of the requests outlined above, eBay is ordered to produce the requested materials in these two categories. In light of the uncertain engineer time needed to complete production, both parties are instructed to meet and confer to set such a timetable. The parties shall file a joint report detailing their efforts within twenty days of the date of this order.

The fourth category consists of requests that Bruntz cannot decipher and/or pertain to information eBay does not collect (request numbers 5(t), 7(a)-(g)). To the extent these requests seek material not kept by eBay, they are denied. As to those portions of the requests that Bruntz declares he cannot understand, plaintiffs are ordered to provide clarification. The parties shall include updated statements of their respective positions as to those requests with the joint report referred to above.

The final category arises under request three, which the Court previously excluded in response to eBay's representation that it had produced all responsive documents. That representation notwithstanding, in his declaration Bruntz offers the estimate that it would take an engineer forty-eight hours to format a query, at a cost of $7,200 to search for further responsive documents. As that statement implies additional documents may be uncovered by that process, eBay will be required to formulate and run that search and then to produce any additional documents identified within twenty days of the date of this order.

Accordingly, plaintiffs' motion to compel transactional data is granted in part and denied in part.

IT IS SO ORDERED.

Dated: 8/17/09

RICHARD SEEBORG
United States Magistrate Judge

FURTHER ORDER RE: MOTION TO COMPEL TESTIMONY AND TRANSACTIONAL DATA
C 07-1882 JF (RS)

3