1

2          **E-Filed 9/1/2009**

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12  IN RE EBAY SELLER ANTITRUST          Case No. C 07-01882 JF (RS)
    LITIGATION
13                                       ORDER[1] DENYING DEFENDANT'S
                                         ADMINISTRATIVE REQUEST FOR
14                                       AN EVIDENTIARY HEARING ON
                                         PLAINTIFFS' MOTION FOR CLASS
15                                       CERTIFICATION; AND GRANTING
                                         IN PART PLAINTIFFS'
16                                       ADMINISTRATIVE MOTION TO
                                         VACATE HEARING DATE ON
17                                       DEFENDANT'S MOTION FOR
                                         SUMMARY JUDGMENT AND
18                                       REQUEST FOR CASE
                                         MANAGEMENT CONFERENCE
19

20                                       [Re: Docket Nos. 344, 349]

21

22

23        Pursuant to Local Rule 7-11, Defendant eBay, Inc. ("eBay") requests an evidentiary

24  hearing on Plaintiffs' Motion for Class Certification to determine whether Plaintiffs are able to

25  establish the requirements for class certification under Rule 23.  Plaintiffs oppose the request.

26  _____

27        [1] This disposition is not designated for publication in the official reports.

28

The Court has read the moving and responding papers. For the reasons set forth below, eBay's request will be denied.

Additionally, Plaintiffs seek an order pursuant to Local Rule 6-3 vacating the hearing date on eBay's motion for summary judgment and request that a case management conference be set on either August 28, 2009 or September 4, 2009. In the alternative, Plaintiffs request that a case management conference be set for October 16, 2009, the same date as the hearing on Plaintiffs' motion for class certification. eBay opposes Plaintiffs' motion. The Court has read the moving and responding papers and, for the reasons set forth below, the motion will be granted in part.

## I. DEFENDANT'S REQUEST FOR EVIDENTIARY HEARING

### A. Legal Standard

In determining whether class certification is appropriate, "the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 177-78 (1974). "A class action may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied."[2] *Gen. Tel. Co. Of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982). At the class certification stage, "it is enough that [plaintiffs' expert] presented properly-analyzed, scientifically reliable evidence tending to show that a common question of fact. . .exists with respect to all members of the class." *Dukes v. Wal-Mart*, 509 F.3d 1168, 1179 (9th Cir 2007).

When determining whether class certification is proper, the court may need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 & n. 14 (11th Cir. 2008).

---

[2] Fed. R. Civ. Proc. 23(a): "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."

2

Such action is warranted "if the existing record is inadequate for resolving the relevant issues." *In Re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1086 (6th Cir. 1996).

### B. Discussion

Resolving disputes raised by competing experts in complex antitrust cases is no simple task. Ultimately, the Court must leave disputes over the results reached and assumptions made with respect to competing methodologies to the trier of fact, and discern only whether the plaintiffs have advanced a plausible methodology to demonstrate that antitrust injury can be proved on a class-wide basis. *In re Diamonds Antitrust Litig.*, 167 F.R.D. 374, 384 (1996). The Court's duty at this stage is to determine, after rigorous analysis, whether each prerequisite of class certification under Rule 23 has been met.

The question here is whether this Court, as part of its rigorous analysis, should hold an evidentiary hearing in order to evaluate the credibility of expert testimony presented by the parties. eBay notes correctly that, in recent years, courts have exhibited a greater willingness to test the viability of methodologies that experts propose to show class wide impact and injury using common proof, and are increasingly skeptical of plaintiffs' experts who offer only generalized and theoretical opinions that a particular methodology may serve this purpose without also submitting a functioning model that is tailored to market facts in the case at hand. *In re Graphics Processing units Antitrust Litig.*, 253 F.R.D. 478, 492 (N.D. Cal. 2008). Nonetheless, "district courts have broad discretion to control the class certification process." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Accordingly, given the breadth of the record available in this case,[3] testimony from the same witnesses who will have submitted extensive reports and who have been deposed for numerous hours is not likely to produce significant information that is not already contained in the record.

eBay cites cases for the unremarkable proposition that often the pleadings alone will not

---

[3] By the time of the hearing on Plaintiffs' motion for class certification, the record will contain approximately 130 pages of legal briefs, 109 pages of expert reports (excluding exhibits and Plaintiffs' yet to be filed reply expert report(s)), 136 pages of witness declarations, 231 pages of witness transcript testimony, and 183 exhibits.

resolve the question of class certification and that some discovery will be warranted. *Id.* Here, since both parties have had the opportunity to conduct discovery to an extent that has produced a substantial record, the Court sees no need to receive cumulative live testimony.

## II. PLAINTIFFS' ADMINISTRATIVE MOTION TO VACATE HEARING DATE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Summary of Arguments

Plaintiffs seek to vacate the hearing date on eBay's motion for summary judgment on the ground that the current schedule deprives them of time to prepare adequately. Specifically, Plaintiffs assert that, in addition to the untenable time frame created by the current schedule, eBay's motion for summary judgment is premature given the volume of outstanding discovery and Judge Seeborg's recent orders compelling additional discovery.

eBay opposes Plaintiffs' motion to vacate, suggesting that the motion essentially is a motion pursuant to Rule 56(f), thinly veiled as an administrative motion so as to circumvent the formal pleading requirements under the Rule. eBay also contends that Plaintiffs are not unduly burdened by the current schedule and long have been aware that eBay intended to file a motion for summary judgment in this time frame.

### B. Discussion

eBay has noticed its summary judgment motion for hearing on October 9, 2009, one week before the hearing on Plaintiffs' motion for class certification. Under the current schedule, Plaintiffs' opposition to eBay's motion for summary judgment would be due on September 18, 2009, only four days after the due date for their reply brief in support of class certification.

The Court concludes that it is most efficient to hear Plaintiffs' motion for class certification and eBay's motion for summary judgment concurrently. The Court's initial inclination then is to reschedule the hearing on eBay's motion for summary judgment to October 16, 2009. However, because of a scheduling conflict that has arisen only recently, the Court is unavailable on October 16. Accordingly, the Court will set both matters for hearing on October

4

30, 2009 at 9:00 a.m. This schedule accommodates Plaintiffs' desire for more time to oppose eBay's summary judgment motion as well as eBay's desire for expeditious proceedings.

A case management conference is hereby scheduled for October 30, 2009, immediately following the hearing on the motions.

### III. ORDER

Good cause therefore appearing,

(1) eBay's request for an evidentiary hearing is DENIED;

(2) Plaintiffs' motion to vacate hearing date on Defendants' motion for summary judgment is GRANTED IN PART. The motion for class certification and motion for summary judgment are set for hearing on October 30, 2009 at 9:00 a.m.; and

(3) A case management conference is set for October 30, 2009 at 9:00 a.m., immediately following hearing on the motions.


IT IS SO ORDERED.


DATED: September 1, 2009

_____
JEREMY FOGEL
United States District Judge

**Copies of Order served on:**

Aaron H. Darsky     adarsky@audetlaw.com

Beverly Tse     btse@kmllp.com

Brynly R. Llyr     bllyr@omm.com

Christine Pedigo Bartholomew     cbartholomew@finkelsteinthompson.com,
sanfran@finkelsteinthompson.com

Daniel Hume     dhume@kmslaw.com

David E. Kovel     dkovel@kmllp.com

Dixie Lee Noonan     dnoonan@omm.com, bbelina@omm.com

Elaine T. Byszewski     elaine@hbsslaw.com, jenniferb@hbsslaw.com

George W. Sampson     george@hbsslaw.com

I. Stephen Rabin     srabin@rabinpeckel.com

Jeff D Friedman     jefff@hbsslaw.com, geoge@hbsslaw.com, jon@hbsslaw.com,
katherined@hbsslaw.com, sf_filings@hbsslaw.com

Jeffrey Squire     squire@bragarwexler.com

Joseph P. Garland     jpg65@columbia.edu

Joseph V. McBride     jmcbride@rabinpeckel.com

Julie Dawn Wood     jwood@omm.com, ihaas@omm.com

Katherine Robison     krobison@omm.com, rgonzalez@omm.com

Michael Andrew McShane     mmcshane@audetlaw.com

Michael Frederick Tubach     mtubach@omm.com, kquintanilla@omm.com

Randall W. Edwards     REdwards@omm.com

Reginald Von Terrell     reggiet2@aol.com

Robert L. Stolebarger     robert.stolebarger@hro.com, adam.brezine@hro.com,
sharon.kizziah@hro.com

Rosemary M. Rivas     rrivas@finkelsteinthompson.com, sdoerrer@finkelsteinthompson.com

Shana E. Scarlett     jeneld@hbsslaw.com, shanas@hbsslaw.com

6

1  Steve W. Berman     carrie@hbsslaw.com, steve@hbsslaw.com

2  Susan L. Germaise     sgermaise@mcguirewoods.com

3  Thomas Patrick Brown     tbrown@omm.com, dbordessa@omm.com

Case No. C 07-01882 JF (RS)
ORDER DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING AND GRANTING IN PART
PLAINTIFFS' MOTION TO VACATE HEARING DATE ON DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND REQUEST FOR CASE MANAGEMENT CONFERENCE
(JFEX1)