**E-Filed 10/28/2009**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | Case Number C 07-1882 JF (RS)<br><br>ORDER OVERRULING OBJECTION TO AUGUST 17, 2009 FURTHER ORDER REGARDING MOTION TO COMPEL TESTIMONY AND TRANSACTIONAL DATA |

## I. BACKGROUND

On March 25, 2009, Plaintiffs propounded eight document requests, with sixty-two separate sub-parts, seeking compilations of transactional data. On May 13, 2009, Plaintiffs moved to compel production with respect to fifty-five of these sub-parts. On July 13, 2009, this Court directed Defendant eBay, Inc. ("eBay") to designate an additional corporate witness to answer questions related to Plaintiffs' requests and to submit a further declaration detailing how and to what extent the material requested could be compiled from multiple data fields and at what cost. eBay complied with that order as of August 3, 2009. On August 17, 2009, Magistrate Judge Seeborg granted in part and denied in part Plaintiffs' motion to compel production ("August 17th Order"). eBay has filed a timely objection to the August 17th Order, and the parties have submitted appropriate briefing. For the reasons discussed below, the objection will

1

Case No. C 07-1882 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 17, 2009 FURTHER ORDER REGARDING MOTION TO COMPEL TESTIMONY AND TRANSACTIONAL DATA
(JFEX2)

be overruled.

## II. LEGAL STANDARD

eBay has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. "[T]he magistrate's decision on a nondispositive issue will be reviewed by the district court judge under the clearly erroneous standard." *Bahn v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must . . . set aside any part of the order that is clearly erroneous or is contrary to law."). "In finding that the magistrate judge's decision is 'clearly erroneous,' the Court must arrive at a definite and firm conviction that a mistake has been committed." *EEOC v. Lexus of Serramonte*, No. C 05-0962 SBA, 2006 WL 2619367, at *2 (N.D. Cal. Sept. 5, 2006). "This standard is extremely deferential and the [m]agistrate's rulings should be considered the final decisions of the [d]istrict [c]ourt." *Id.*

## III. DISCUSSION

eBay alleges that the August 17th Order failed to take into account the limited benefit of further production in light of the extensive discovery eBay already has provided. eBay contends that the order was based upon two factual errors — first, the mistaken notion that the data to be compiled is not new information and is readily available; and second, that retrieval of the information likely would consume less time and fewer resources than eBay had estimated originally. eBay claims that, in actuality, to comply with the order it would have to spend hundreds of thousands of dollars to dedicate a highly specialized engineering resource for a period of more than six months to create new data solely for the instant litigation. eBay argues that such a requirement would be unduly burdensome. *See* FED. R. CIV. P. 26(b)(2)(C)(iii) ("the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues").

**A.     The Proposed Costs Are Not Clearly Unduly Burdensome**

2

Particularly in light of the demonstrated uncertainty of eBay's cost estimates, this Court concludes that Magistrate Judge Seeborg's determination was not clearly erroneous. The August 17th Order was based upon a thorough record — two depositions, multiple declarations from eBay's engineers, a declaration from Plaintiffs' consultant, five separate briefs filed by the parties, and one prior discovery order providing the parties with guidance with respect to the relevant issues. The August 17th Order states that "the actual cost and time [required] is uncertain and might actually be much less than anticipated" and that "eBay's financial and time burden already have been reduced significantly through denial of the requests outlined above." eBay's senior director of data warehouse development, Darren Bruntz, declared that the cost estimate he provided could vary by as much as five hundred percent, although he believed that his estimates were correct and often were overly conservative. eBay's own papers contain several different estimates, including a "conservative" estimate of between $197,400 and $264,900, a second estimate of $179,400, and a third estimate of nearly $300,000. While it is possible that these figures are understated, the fact remains that the estimates are uncertain. Without any clear indication that the costs would be unduly burdensome even at the higher amounts, eBay's objection to the August 17th order cannot be sustained.

**B.      The Need to Create a New Dataset of Historical Records Does Not Excuse Production**

The Federal Rules of Civil Procedure clearly contemplate the production of information from dynamic databases. Rule 34(a)(1)(A) allows a party to request "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." Fed. R. Civ. P. 34(a)(1)(A). "Electronically stored information may exist in dynamic databases . . . [D]iscovery of electronically stored information stands on equal footing with discovery of paper documents." Fed. R. Civ. P. 34 advisory committee's note (2006 Amendment). *See also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 683 (N.D. Cal. 2006) (denying third party Google's motion to quash government subpoena which required production of information from databases, despite the need for Google to create "new code to format and extract query and URL data from many computer banks"). In light of this authority, Magistrate

3

Judge Seeborg did not clearly err in concluding that the technical burden to eBay of creating a new dataset for the instant litigation does not excuse production.

**C.    The August 17th Order Is Reasonable in Light of the Relevant Circumstances**

eBay also fails to show that Magistrate Judge Seeborg's balancing of the relevant factors established by the Federal Rules was clearly erroneous. The Rules provide that

> the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiffs seek to represent millions of eBay auction sellers allegedly injured by anti-competitive practices. Hundreds of millions of dollars are at stake. eBay's annual gross profits in 2008 were over $6 billion, and its net income was $1.8 billion. Plaintiffs contend that the data eBay has provided thus far does not cover the entire class period and is aggregate data rather than the raw data needed to create the statistical models necessary for their case. While Magistrate Judge Seeborg has determined that the information sought by Plaintiffs is relevant and that the costs and technical requirements involved are not unduly burdensome, he also has scaled back the scope of discovery. His conclusions are not clearly erroneous in light of all the relevant circumstances.

## III. ORDER

The objection is OVERRULED.

**IT IS SO ORDERED.**

DATED: 10/28/2009

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2  Michael Andrew McShane
   mmcshane@audetlaw.com
3
   Aaron H. Darsky
4  adarsky@audetlaw.com

5  Beverly Tse
   btse@kmllp.com
6
   Christine Pedigo Bartholomew
7  cbartholomew@finkelsteinthompson.com

8  Christopher S. Studebaker
   cstudebaker@kmllp.com
9
   Daniel Hume
10 dhume@kmslaw.com

11 David E. Kovel
   dkovel@kmllp.com
12
   Elaine T. Byszewski
13 elaine@hbsslaw.com

14 George W. Sampson
   george@hbsslaw.com
15
   I. Stephen Rabin
16 srabin@rabinpeckel.com

17 Jeff D Friedman
   jefff@hbsslaw.com
18
   Jeffrey Squire
19 squire@bragarwexler.com

20 Joseph P. Garland
   jpg65@columbia.edu
21
   Joseph V. McBride
22 jmcbride@rabinpeckel.com

23 Karina Kosharskyy
   kkosharskyy@kmllp.com
24
   Kenneth G. Walsh
25 kwalsh@kmllp.com

26 Rosemary M. Rivas
   rrivas@finkelsteinthompson.com
27

28

5

| | |
|---|---|
| 1 | Shana E. Scarlett<br>shanas@hbsslaw.com |
| 2 | |
| 3 | Steve W. Berman<br>steve@hbsslaw.com |
| 4 | Reginald Von Terrell<br>reggiet2@aol.com |
| 5 | |
| 6 | Julie Dawn Wood<br>jwood@omm.com |
| 7 | Thomas Patrick Brown<br>tbrown@omm.com |
| 8 | |
| 9 | Brynly R. Llyr<br>bllyr@omm.com |
| 10 | Dixie Lee Noonan<br>dnoonan@omm.com |
| 11 | |
| 12 | Katherine Robison<br>krobison@omm.com |
| 13 | Michael Frederick Tubach<br>mtubach@omm.com |
| 14 | |
| 15 | Randall W. Edwards<br>redwards@omm.com |
| 16 | Susan L. Germaise<br>sgermaise@mcguirewoods.com |
| 17 | |
| 18 | Robert L. Stolebarger<br>robert.stolebarger@hro.com |

6

Case No. C 07-1882 JF (RS)
ORDER OVERRULING OBJECTION TO AUGUST 17, 2009 FURTHER ORDER REGARDING MOTION TO COMPEL TESTIMONY AND TRANSACTIONAL DATA
(JFEX2)