MICHAEL McSHANE (127944)
AUDET & PARTNERS LLP
221 Main Street, Suite 1460
San Francisco, CA  94105
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
mmcshane@audetlaw.com

STEVE W. BERMAN (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

DANIEL HUME (*Pro Hac Vice*)
KIRBY MCINERNEY LLP
825 Third Avenue, 16th Floor
New York, NY  10022
Telephone:  (212) 371-6600
Facsimile:  (212) 751-2540
dhume@kmllp.com

Interim Co-Lead Class Counsel

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | No. 07-CV-01882-JF (RS) |
| | RESPONSE TO DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| | DATE:    December 1, 2009 |
| | TIME:      9:00 a.m. |
| | DEPT:    Courtroom 3, 5th Floor |
| | JUDGE:  Hon. Jeremy Fogel |
| | ACTION FILED:  April 4, 2007 |

**TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................................... 1

II. ARGUMENT ............................................................................................................. 1

    A.  EBay's Objections Are Untimely ................................................................... 1

    B.  EBay's Objections Conclusively Demonstrate that Contested Issues of
        Fact Exist ......................................................................................................... 1

    C.  Plaintiffs Have Properly Authenticated Documents Submitted in
        Opposition to Summary Judgment ................................................................. 2

        1.  Documents Produced By EBay in Response to Plaintiffs'
            Discovery Requests Are Self-Authenticating ................................... 2

        2.  Publications Issued by a Public Authority, the Australian
            Competition & Consumer Commission, Are Self-Authenticating ... 4

        3.  Newspaper and Periodical Reports Are Self-Authenticating ........... 5

        4.  Meg Whitman's Televised Interview Is Properly Authenticated ...... 5

        5.  Documents Produced by Yahoo Pursuant to Subpoena Are
            Properly Authenticated ..................................................................... 6

    D.  Plaintiffs Do Not Rely on Inadmissible Hearsay ......................................... 6

        1.  EBay's Own Admissions Are Not Hearsay ...................................... 6

        2.  Documents Submitted to Demonstrate that the Industry Perceives
            Online Auctions as a Separate Economic Market Are Not Hearsay ... 8

        3.  Dr. Murphy's Prior Inconsistent Statements in *Whole Foods* Are
            Not Hearsay ...................................................................................... 8

        4.  Certain Exhibits Are Not Hearsay Because Plaintiffs Cite Them
            Not for the Truth of the Matters Asserted Therein, But for EBay's
            Subsequent Reaction ....................................................................... 9

        5.  Evidence of Australia's Governmental Action Is Admissible as an
            Exception to the Hearsay Rule ...................................................... 10

        6.  Pubic Statements Regarding EBay's "Broken" Search Engine Are
            Admissible ...................................................................................... 10

        7.  Facts Regarding the Introduction of the Apple IPhone and
            Subsequent Sales Were Considered by Both Plaintiffs' and EBay's
            Experts ............................................................................................ 11

    E.  EBay's "Relevance" Objections Are Nothing More than an Improper Sur-
        Reply in Violation of Local Rules ............................................................... 11

F.      EBay Improperly Requests the Exclusion of Documents Under the Rule of Completeness .................................................................................................. 12

III.     CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anand v. BP West Coast Products LLC*
    484 F. Supp. 2d 1086 (C.D. Cal. 2007) ................................................................................. 3

*Barefield v. Board of Trustees*
    500 F. Supp. 2d 1244 (E.D. Cal. 2007) ........................................................................... 2, 3

*Brown Shoe Co. v. United States*
    370 U.S. 294 (U.S. 1962) ........................................................................................................ 8

*Orr v. Bank of America*
    285 F.3d 764 (9th Cir. 2002) ...................................................................................... 2, 6, 12

*Warren v. City of Carlsbad*
    58 F.3d 439 (9th Cir. 1995) ...................................................................................................... 2

## FEDERAL RULES

Federal Rules of Evidence

    106 ................................................................................................................................... 12

    703 ................................................................................................................................... 11

    801 ............................................................................................................................. *passim*

    803 ............................................................................................................................ 10, 11

    901 .............................................................................................................................. 4, 6

    902 ..................................................................................................................................... 5

# I.   INTRODUCTION

Only days before the hearing on summary judgment – and seven weeks after Plaintiffs filed their opposition to summary judgment – eBay Inc. ("eBay") has launched yet another procedural assault to divert both Plaintiffs and the Court from the merits of this case.  EBay's attempt, again, must fail.

EBay challenges ***each and every document*** submitted by Plaintiffs in opposition to summary judgment under the Federal Rules of Evidence.  And yet, eBay misapplies the evidence code, ignores information in the record or attempts to disown documents that it itself has produced in this litigation.  EBay's objections are baseless.  Indeed, eBay's evidentiary "objections" are little more than a sur-reply, filed in violation of the local rules.  EBay's objections should be overruled.

# II.   ARGUMENT

## A.   EBay's Objections Are Untimely

Plaintiffs filed their opposition to summary judgment on October 6, 2009.[1]  By Court order, eBay filed its reply on October 16, 2009.  EBay has waited nearly seven weeks from the filing of Plaintiffs' opposition, and over five weeks from the filing of its reply in support of summary judgment to file its evidentiary objections.  In fact, eBay filed its objections with only three court days remaining before the hearing.  In its objections, eBay objects to each and every exhibit submitted by Plaintiffs in opposition to summary judgment.  The timing of eBay's objections, coming on the eve of the hearing, is intended to deprive Plaintiffs of the opportunity to provide a full and complete response to the Court.

## B.   EBay's Objections Conclusively Demonstrate that Contested Issues of Fact Exist

EBay objects to every document Plaintiffs submit in opposition to class certification on the grounds that Plaintiffs have taken the documents "out of context" and that Plaintiffs have asked the Court to draw certain inferences from the documents that are contradicted by other portions of the

---

[1]   *See* Plaintiffs' Opposition to Defendant EBay Inc.'s Motion for Summary Judgment (filed Oct. 6, 2009, UNDER SEAL) ("Opp. to MSJ").

documents.  *See* Obj. at 5-7.[2]  On summary judgment, however, evidence is to be viewed in a light most favorable to the non-moving party.  *See Warren v. City of Carlsbad,* 58 F.3d 439 (9th Cir. 1995).  Defendant's request that the Court should view the evidence in the light most favorable to eBay, the moving party, is improper.

In addition, by suggesting that the record should be supplemented and by contesting the content of each and every document submitted by Plaintiffs, eBay admits that contested issues of material fact exist, such that summary judgment would be improper at this point.  *Id.*

EBay's evidentiary objections further demonstrate why summary judgment is improper in this case.

## C.     Plaintiffs Have Properly Authenticated Documents Submitted in Opposition to Summary Judgment

Plaintiffs have submitted properly authenticated documents in opposition to summary judgment.  Authentication is a "condition precedent to admissibility, and this condition is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[3]  *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002).  Authentication is a special aspect of relevancy concerned with establishing the genuineness of evidence.  *Id.* at 773 n.7.  "Once the trial judge determines that there is prima facie evidence of genuineness, the evidence is admitted, and the trier of fact makes its own determination of the evidence's authenticity and weight."  *Id.* at 773 n.6.  Here, Plaintiffs have properly authenticated the contested evidence.

### 1.     Documents Produced By EBay in Response to Plaintiffs' Discovery Requests Are Self-Authenticating

EBay incorrectly objects to a number of documents authored by third parties but produced by eBay during discovery in this case as improperly authenticated.  EBay misapplies the Federal Rules of Evidence.  Documents produced in discovery may be authenticated and introduced in summary judgment proceedings through the declaration of an attorney when the attorney properly identifies them as documents produced by the opposing party.  *Id.* at 776-78.  *See also Barefield v.*

[2]     "Obj." refers to Defendant EBay Inc.'s Evidentiary Objections to Plaintiffs' Opposition to EBay Inc.'s Motion for Summary Judgment (filed November 23, 2009, UNDER SEAL).

[3]     All internal quotations and citations omitted and all emphasis added, unless otherwise indicated.

1    *Board of Trustees*, 500 F. Supp. 2d 1244, 1257 (E.D. Cal. 2007) (holding where a party identifies

2    documents as having been produced in discovery, the documents are properly authenticated);

3    *Anand v. BP West Coast Prods. LLC*, 484 F. Supp. 2d 1086, 1092 (C.D. Cal. 2007) ("[d]ocuments

4    produced in response to discovery requests are admissible on a motion for summary judgment

5    since they are self-authenticating").  It matters not that these documents were authored by a third

6    party.[4]

7          There is no dispute that Exhibits 6, 20, 61-63 67, 69 to the Friedman Declaration and

8    Exhibit 5 to the Friedman Reply Declaration ISO Class Certification were produced by eBay in

9    response to Plaintiffs' discovery requests.[5]  The production of these documents is attested to by

10   Plaintiffs' counsel in the form of a declaration.  *See, e.g.,* Friedman Decl., ¶ 2 (attesting that

11   Defendant produced exhibits in the "above-captioned litigation").

12         In addition, each of these documents contain other hallmarks of authenticity, such as Bates-

13   numbering (*see Barefield*, 500 F. Supp. 2d at 1258) supporting a finding of authenticity.  The

14   exhibits to the Friedman Declaration contain the Bates-stamp "eBayMalone" in the bottom right-

15   hand corner of the document, the Bates-stamp used by eBay in this litigation.

16         EBay has also declared under penalty of perjury that some of these objected-to exhibits

17   contain confidential and proprietary trade secrets of eBay, requiring Exhibits 20, 63 and 67 to the

18   Friedman Declaration and Exhibit 5 to the Friedman Reply Declaration ISO Class Certification to

19   be filed under seal.  *See* Sand Decl., ¶ 10 (declaring Exhibit 20 is a "report[ ] created by consulting

20   groups hired to conduct analysis related to eBay's pricing and business development strategies.");

21   *Id.*, ¶ 13 (declaring Exhibit 63 is a "presentation[ ] regarding company status, business

22   development strategies, annual company financial updates, analyses regarding eBay's customer

23   base, and internal customer surveys which reflect eBay's business decisions and strategy."); *Id.*,

---

24
25   [4]     *See, e.g., id.* at 1086 (holding third party appraisal report properly authenticated when
     produced by a party in response to discovery request).

26   [5]     "Friedman Declaration" or "Friedman Decl." refers to the Declaration of Jeff D. Friedman
27   in Opposition to Defendant EBay Inc.'s Motion for Summary Judgment (filed Oct. 6, 2009,
     UNDER SEAL); "Friedman Reply Declaration ISO Class Certification" refers to the Declaration
28   of Jeff D. Friedman in Further Support of Plaintiffs' Motion for Class Certification (re-filed Oct.
     20, 2009, Ct. Rec. 522).

¶ 16 ("Exhibit 67 . . . was created for eBay's internal use."); Robison Decl., ¶ 9 ("Exhibit 5 to the Friedman Reply Declaration is a confidential report, created by Evercore Partners . . . examining eBay's strategic opportunities.").[6]  Given eBay's declarations regarding the creation, content and purpose of these documents, the exhibits certainly contain hallmarks of authenticity, sufficient to satisfy the Ninth Circuit's standards.

Exhibits 6, 20, 61-63, 67, 69 to the Friedman Declaration and Exhibit 5 to the Friedman Reply Declaration ISO Class Certification are properly authenticated.

### 2. Publications Issued by a Public Authority, the Australian Competition & Consumer Commission, Are Self-Authenticating

Exhibits 46-48 to the Friedman Declaration have been properly authenticated under Federal Rule of Evidence 901(b)(7) as public records from a public office where items of this nature are kept.  Exhibit 46 to the Friedman Declaration is eBay's Notification of Exclusive Dealing, filed with the ACCC, Australia's regulatory body governing competition, fair trading and consumer protection laws.  Exhibit 47 is the ACCC's draft notice in respect to eBay's Notice of Exclusive Dealing, and Exhibit 48 is the docket of the ACCC for eBay's Notice of Exclusive Dealing.  Each of these documents is a public record, filed with the ACCC.  Each of these documents is publicly available on the ACCC's website.  *See* Friedman Decl., ¶ 2.  To the extent that this Court believes that these documents have not been properly authenticated, Plaintiffs submit a further declaration from Plaintiffs' counsel indicating the exact place on the ACCC's Web page where Exhibits 46-47 may be found.  Scarlett Decl., ¶¶ 2-3.[7]  The Friedman Declaration already described the location on the ACCC's Web page where Exhibit 48 could be found.  Because these documents are public records, filed with the ACCC, there is sufficient evidence supporting a finding that the matter in question is what it purports to be under Federal Rule of Evidence 901.  *See* Fed. R. Evid. 901(b)(7)

---

[6]     "Sand Decl." refers to the Declaration of Adam R. Sand Pursuant to Civil Local Rule 79-5 in Response to Plaintiffs' Administrative Motion to File Under Seal (filed Oct. 14, 2009, Ct. Rec. 502); "Robison Decl." refers to the Declaration of Katherine M. Robison in Support of Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Reply in Support of Motion for Class Certification and Supporting Documents (filed Oct. 7, 2009, Ct. Rec. 494).

[7]     "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Response to Defendant's Evidentiary Objections to Plaintiffs' Opposition to Motion for Summary Judgment, filed concurrently herewith.

(stating that public record authenticated where there is evidence that a writing authorized by law to be filed in a public office and was in fact, filed in the public record).

Exhibits 47 and 48 to the Friedman Declaration are also self-authenticating pursuant to Federal Rule of Evidence 902 and do not require extrinsic evidence of authenticity.  Exhibits 47 and 48 are documents issued by the ACCC to eBay International.  Under Federal Rule of Evidence 902(5), "[b]ooks, pamphlets, or other publications purporting to be issued by public authority" are self-authenticating.  Because Exhibits 47 and 48 are each an official document issued by a public authority, they are self-authenticating.

### 3. Newspaper and Periodical Reports Are Self-Authenticating

Similarly, Exhibits 11, 65, 74, Exhibit 88 to the Friedman Declaration ISO Class Certification, and Exhibits 6 and 9 to the Friedman Reply Declaration ISO Class Certification are news articles, published online.[8]  Under Federal Rule of Evidence 902(6), printed materials purporting to be newspapers or periodicals are self-authenticating, as "the likelihood of forgery of newspapers or periodicals is slight indeed."  Fed. R. Evid. 902(6) advisory committee's note. EBay does not contend that any of these news articles are forgeries.  These exhibits are self-authenticating.[9]

### 4. Meg Whitman's Televised Interview Is Properly Authenticated

Defendant has objected to Exhibit 7, a transcript of an interview by Charlie Rose with Meg Whitman from 2001, attached as Exhibit 7 to the Friedman Declaration.  For the convenience of the Court and parties, Plaintiffs submitted a transcribed version of this interview.  EBay does not dispute that the transcription accurately reflects statements made by Ms. Whitman.  As eBay has now objected to the authentication of this Exhibit, in an abundance of caution, Plaintiffs submit the

---

[8]    "Friedman Declaration ISO Class Certification" refers to the Declaration of Jeff D. Friedman in Support of Plaintiffs' Motion for Class Certification (filed June 15, 2009, UNDER SEAL).

[9]    EBay also objects to Exhibits 123-125 to the Friedman Declaration ISO Class Certification, document produced by third party AOL, LLC, on the grounds that are not authenticated and contain hearsay statements.  Plaintiffs did not incorporate these documents into their motion for class certification.  See Opp. to MSJ at 26 n.31.  These documents were, however, authenticated by AOL's counsel.  See Declaration of Susan L. Germaise Pursuant to Civil Local Rule 79-5 in Response to Plaintiffs' Administrative Motion to File Under Seal (filed June 22, 2009, Ct. Rec. 226).

DVD video of the Charlie Rose interview.[10]  All of Ms. Whitman's statements are therefore admissible under Rule 901(5), which states that identification of a voice may be made through a recording, "under circumstances connecting it with the alleged speaker."  Fed. R. Evid. 901(b)(5).

**5.   Documents Produced by Yahoo Pursuant to Subpoena Are Properly Authenticated**

EBay also objects to Exhibit 64 to the Friedman Declaration, a document produced by Yahoo pursuant to third party subpoena in this litigation.  This document is properly authenticated as a document produced pursuant to a discovery request in this litigation.  *See Orr*, 285 F.3d at 777. Plaintiffs' counsel identified this document as being produced by third party Yahoo in this litigation.  *See* Friedman Decl., ¶ 2 (Exhibit 64 was "produced in the above-captioned litigation and designated by Third Party Yahoo as "HIGHLY CONFIDENTIAL").

EBay also received a copy of this document in this litigation and acknowledges it was produced by Yahoo in this litigation.  *See* Sand Decl., at 1 n.1 ("Exhibit 64 was produced by . . . Yahoo!").

In addition, this document bears the hallmarks of authenticity to indicate that it is a document produced by Yahoo in this litigation – the bottom right-hand corner bears the bates-number Y!000236-237, which is the bates-number used by Yahoo in producing documents in this litigation.

**D.   Plaintiffs Do Not Rely on Inadmissible Hearsay**

EBay next objects to a host of documents as hearsay, and thus, inadmissible.  Again, eBay misapplies the Federal Rules of Evidence.

**1.   EBay's Own Admissions Are Not Hearsay**

Federal Rule of Evidence 801(d)(2) provides that a statement is not hearsay if "[t]he statement is offered against a party and is . . . the party's own statement in either an individual or a representative capacity or . . . a statement by a person authorized by the party to make a statement concerning the subject, or . . . a statement by the party's agent or servant concerning a matter

---

[10]     *See* Manual Filing Notification of Exhibit 7 to Declaration of Jeff D. Friedman in Opposition to Defendant EBay Inc.'s Motion for Summary Judgment: Interview by Charlie Rose with Meg Whitman, CEO, EBay Inc., March 7, 2001, filed concurrently herewith.

within the scope of the agency or employment, made during the existence of the relationship."

Fed. R. Evid. 801(d)(2).

EBay complains that although Exhibits 11, 49, 67, 74 and 75 contain statements of eBay's employees, these statements should be excluded because the authors of these articles have not testified that they heard and accurately recorded the purported admissions. As the advisory committee notes state, however, the party admission exception to hearsay is broadly applied and does not require a guarantee of trustworthiness:

> ***No guarantee of trustworthiness is required in the case of an admission.*** The freedom which admissions have enjoyed from technical demands of searching for an assurance of trustworthiness in some against-interest circumstance, and from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge, when taken with the apparently prevalent satisfaction with the results, calls for generous treatment of this avenue to admissibility.

Fed. R. Evid. 801(d)(2) advisory committee's note. EBay does not contest the accuracy of the statements here. Given the "generous treatment" required for party admissions, the statements contained in Exhibits 11, 49, 67, 74 and 75 to the Friedman Declaration should not be considered hearsay.

In addition to Exhibit 67 containing statements of eBay employees, eBay has further claimed that this document is "a confidential analysis of eBay's business and the competitive landscape in which it operates, ***which was created for eBay's internal use*** and which was not publically distributed." Sand Decl., ¶ 16. Given this assertion, this document certainly becomes a party admission pursuant to Federal Rule of Evidence 801.

Exhibit 20 to the Friedman Declaration and Exhibit 5 to the Friedman Reply Declaration ISO Class Certification are also party admissions, and thus, not hearsay. Each of these documents is a report developed by a consultant at the behest of eBay. EBay has submitted declarations, under oath, attesting to these facts. *See* Sand Decl., ¶ 10 (declaring that Exhibit 20 to the Friedman Declaration is a "report[] created by consulting groups hired to conduct analysis related to eBay's pricing and business development strategies"); Robison Decl., ¶ 9 (declaring that Exhibit 5 to the Friedman Reply Declaration ISO Class Certification is a "confidential report, created by Evercore

Partners, an independent consultant, examining eBay's strategic opportunities"). Because these reports are statements made by agents of eBay, concerning matters within the scope of the employment relationship, all of these statements are party admissions and are not considered hearsay.

EBay objects to Exhibit 46, suggesting that it was "neither written nor authorized by eBay" and thus, is inadmissible hearsay. Obj. at 5. EBay's statement is dishonest. Exhibit 46 is the Notification of Exclusive Dealing submitted to the ACCC, by eBay International AG. EBay International AG is the wholly-owned subsidiary of eBay Inc. Scarlett Decl., Ex. A. Exhibit 46 is signed by Special Counsel to eBay. This document is clearly submitted by an agent on behalf of eBay and is a party admission under Federal Rule of Evidence 801(d)(2).

### 2. Documents Submitted to Demonstrate that the Industry Perceives Online Auctions as a Separate Economic Market Are Not Hearsay

EBay objects to several documents Plaintiffs submit to demonstrate that the industry recognizes the online auction market as a separate and distinct economic market. Opp. to MSJ at 19-20. One of the practical indicia of *Brown Shoe Co. v. United States*, 370 U.S. 294, 325 (U.S. 1962) is "industry or public recognition of the submarket as a separate economic entity."

Plaintiffs have cited Exhibits 61-65 of the Friedman Declaration as evidence that the industry and public recognize the online auction market as a separate economic entity.[11] Plaintiffs do not cite these documents for the truth of the matters stated therein, and thus, they are not hearsay. Fed. R. Evid. 801(c). EBay's objections to Exhibits 61-65 should be overruled.

### 3. Dr. Murphy's Prior Inconsistent Statements in *Whole Foods* Are Not Hearsay

Exhibit 89 to the Friedman Declaration is an expert report of Kevin M. Murphy, submitted in the matter of *Federal Trade Commission v. Whole Foods Market, Inc*. Plaintiffs rely on this report as impeachment evidence, and not for the truth of any statements in the report. In this

---

[11]    In addition, eBay has asserted that Exhibit 63 to the Friedman Declaration is an "eBay and/or PayPal presentation[ ] regarding company status, business development strategies, annual company financial updates, analyses regarding eBay's customer base, and internal customer surveys which reflect eBay's business decisions and strategy." Sand Decl., ¶ 13. Given eBay's claims that this is an internal company document, this document is also a party admission under Federal Rule of Evidence 801(d)(2) (*see* section II.D.1, *supra*), and thus, not hearsay.

litigation, Dr. Murphy has declared that business documents should not be relied upon to determine the existence of a market.  Murphy Decl., ¶ 27.[12]  As demonstrated by his report submitted in the *Whole Foods* case, however, Dr. Murphy extensively relied on business documents in forming his opinion about the relevant market.  *See* Friedman Decl., Ex. 89; Opp. to MSJ at 9 n.13.  Under Federal Rule of Evidence 801, a statement is not hearsay if a prior statement by a witness is inconsistent with the declarant's testimony and was given under oath subject to the penalty of perjury.  Fed. R. Evid. 801(d)(1).  Such is the case here.

Exhibit 89 is also not hearsay because hearsay is a statement offered into evidence to prove the truth of the matter asserted.  Fed. R. Evid. 801(c).  Plaintiffs do not submit the contents of Dr. Murphy's report in *Whole Foods* for the truth of the matters stated therein, but for the fact that Dr. Murphy relied on business documents in forming his opinion about the relevant market in that case.  Thus, it is not hearsay.

> **4.     Certain Exhibits Are Not Hearsay Because Plaintiffs Cite Them Not for the Truth of the Matters Asserted Therein, But for EBay's Subsequent Reaction**

Plaintiffs submit a number of documents not for the truth of the matters asserted therein, but for the fact of the announcements themselves.  *See* Fed. R. Evid. 801(c).  These documents are not hearsay.

For example, Exhibit 44 to the Friedman Declaration is an e-mail discussing Craigslist's request that eBay sell its minority share in Craigslist, given the launch of eBay's own version of a classified website, Kijiji.  EBay objects that this document is not written or authorized by eBay, and thus, is inadmissible hearsay.  Plaintiffs cite Exhibit 44 as evidence that in 2007, eBay launched its own version of a classified website, Kijiji, meant to directly compete with Craigslist, which eBay's employees (including then-CEO Meg Whitman) acknowledge through their responding dialogue.  Opp. to MSJ at 16; Friedman Decl., Ex. 44.  Plaintiffs do not cite Exhibit 44 for the truth of the matters stated therein by Jim Buckmaster of Craigslist, and thus, it is not hearsay.  Fed. R. Evid. 801(c).  In addition, eBay's then-CEO Meg Whitman and the other eBay

---

[12]     "Murphy Decl." refers to the Declaration of Kevin M. Murphy in Support of Defendant EBay Inc.'s Motion for Summary Judgment (filed Aug. 14, 2009, UNDER SEAL).

employees included in the subsequent discussion also adopt the fact of the announcement of Kijiji as a competing website for Craigslist, thus making the statements admissible under Federal Rule of Evidence 801(d)(2)(B).

Similarly, Exhibit 88 to the Friedman Declaration ISO Class Certification is an Amazon Web blog discussing the announcement of Amazon's payment service, Checkout by Amazon. Plaintiffs cite this exhibit not for the truth of the launching of Checkout by Amazon, but for the fact of the announcement itself. Amazon's launching of the checkout service was relevant to the impact on eBay and eBay's reaction thereto, and not inadmissible hearsay from the blog itself.

### 5. Evidence of Australia's Governmental Action Is Admissible as an Exception to the Hearsay Rule

EBay objects to Exhibits 47 and 48 to the Friedman Declaration as inadmissible hearsay. Exhibit 47 is the ACCC's notification that it intends to revoke immunity for eBay's proposed exclusive dealing in Australia. Exhibit 48 is the docket of the ACCC, demonstrating that eBay has withdrawn its request for immunity for exclusive dealing. Both of these exhibits are exceptions to the hearsay rule under Federal Rule of Evidence 803(3), which allows hearsay where it is a government record setting forth the activities of the office or agency. Fed. R. Evid. 803(3). Such is the case with both of these exhibits, as they are the records of Australia's competition authority revoking eBay's immunity and closing the file, as eBay withdrew its proposed exclusive dealing conduct.

In addition, Exhibit 47 is admissible under Rule 803(3) as an exception to the hearsay rule, as the ACCC's notification of its future intent to revoke immunity. Fed. R. Evid. 803(3).

### 6. Pubic Statements Regarding EBay's "Broken" Search Engine Are Admissible

Exhibit 6 to the Friedman Reply Declaration ISO Class Certification is a Web blog by eBay insider, Scott Wingo, which comments on a set of improvements to eBay's search engine in 2009. First, Plaintiffs do not offer this evidence to demonstrate that eBay actually fixed its search engine, but instead to show that the industry perceived that eBay's search function was "broken." Thus, this evidence is not hearsay under Federal Rule of Evidence 801(c), as it is not cited for the truth of the statements therein.

In addition, Mr. Wingo's statements are admissible as a hearsay exception under Federal Rule of Evidence 803(1) as a present sense impression.  In the statements relied upon by Plaintiffs, Mr. Wingo is describing his observations regarding eBay's search at or near the time of his use of the "improved" search engine.  These statements are admissible as statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."  Fed. R. Evid. 803(1).

### 7.   Facts Regarding the Introduction of the Apple IPhone and Subsequent Sales Were Considered by Both Plaintiffs' and EBay's Experts

Exhibit 9 to the Friedman Declaration ISO Class Certification is a news article describing the sale of one million Apple iPhones within the first weekend after its introduction.  EBay objects that this is inadmissible hearsay.  These facts – the introduction of the Apple iPhone and the sale of one million Apple iPhones in the first weekend – were considered by both eBay's expert and Plaintiffs' expert in conjunction with class certification.  Topel Supp. Decl., ¶ 13; Woroch Reply Decl., ¶ 73.[13]  Because both experts considered these facts, they are admissible under Federal Rule of Evidence 703, as facts "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."  Fed. R. Evid. 703.[14]

### E.   EBay's "Relevance" Objections Are Nothing More than an Improper Sur-Reply in Violation of Local Rules

EBay objects to each and every document included in opposition to summary judgment on the grounds of relevance.  EBay simply uses this purported evidentiary objection to submit additional rebuttal argument regarding Plaintiffs' evidence.  EBay's arguments regarding relevance, however, go to the weight of the evidence, and not its admissibility.  EBay's arguments regarding relevance are an improper sur-reply in violation of Civil Local Rule 7-3(d).  *See* Civil

---

[13]     "Topel Supp. Decl." refers to the Supplemental Declaration of Robert H. Topel in Support of EBay Inc.'s Opposition to Plaintiffs' Motion for Class Certification (filed Sept. 1, 2009, UNDER SEAL); "Woroch Reply Decl." refers to the Declaration of Glenn A. Woroch in Further Support of Plaintiffs' Motion for Class Certification (re-filed Oct. 20, 2009, Ct. Rec. 521).

[14]     EBay also objects to statements contained in Exhibit 69 to the Friedman Declaration, an analyst report which discusses eBay's "feedback ratings" forming an additional barrier to entry. Substantial other evidence also demonstrates the existence of these barriers to entry, however, making this analyst report duplicative.  Friedman Decl., Ex. 8 at 151; Ex. 67 at 2403; Ex. 68 at 2423; Ex. 70 at 2513.

L.R. 7-3(d) ("once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval.").  EBay's "relevance" objections should be overruled.

**F.      EBay Improperly Requests the Exclusion of Documents Under the Rule of Completeness**

EBay's final objection to each and every document submitted in opposition to summary judgment is that it is "taken out of context" in violation of Federal Rule of Evidence 106.  EBay, again, misconstrues the Federal Rules of Evidence.  Rule 106 states:

> When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Fed. R. Evid. 106.  EBay's request that Plaintiffs' evidence should be excluded is improper.  Rule 106 allows, where a party has submitted only part of a record, the introduction of any other part of the record that ought "in fairness" to be considered contemporaneously with it.

Here, Plaintiffs have submitted complete copies of the vast majority of documents in opposition to summary judgment, with five exceptions.  Exhibits 26, 71, 73 and 85 to the Friedman Declaration are all excerpts of depositions.  Plaintiffs submitted only excerpts of these voluminous records, demarcating the exact location of Plaintiffs' cites.  If eBay objects to the introduction of this testimony, its remedy is to include portions of these transcripts that they consider ought "in fairness" to also be considered by this Court.  EBay has not so supplemented the record.

Similarly, Plaintiffs included only excerpts of Exhibit 27 to the Friedman Declaration. Plaintiffs cited only two pages of this document.  *See* Opp. to MSJ at 12-14.  The complete document numbers 376 pages.  As the Ninth Circuit has observed, "[t]he efficient management of judicial business mandates that parties submit evidence responsibly."  *Orr*, 285 F.3d at 775.  Plaintiffs included an excerpt of this document to save both the parties' and this Court's resources. If eBay objects to Plaintiffs' use of this exhibit, its remedy was to include other portions of this document that it believes the Court should also consider.  Again, Defendant's evidentiary "objections" are little more than an improper attempt to submit a sur-reply in violation of the local rules.

1

## III.   CONCLUSION

2      For all the reasons stated above, Plaintiffs respectfully request that eBay's evidentiary

3   objections be overruled.

4   Dated: November 30, 2009            HAGENS BERMAN SOBOL SHAPIRO LLP

5

                                       By     /s/ Jeff D. Friedman
6                                             JEFF D. FRIEDMAN

7                                      Shana E. Scarlett (217895)
                                       715 Hearst Avenue, Suite 202
8                                      Berkeley, CA 94710
                                       Telephone: (510) 725-3000
9                                      Facsimile: (510) 725-3001
                                       jefff@hbsslaw.com
10                                     shanas@hbsslaw.com

11                                     HAGENS BERMAN SOBOL SHAPIRO LLP
                                       Steve W. Berman (*Pro Hac Vice*)
12                                     George W. Sampson (*Pro Hac Vice*)
                                       1301 Fifth Avenue, Suite 2900
13                                     Seattle, WA  98101
                                       Telephone: (206) 623-7292
14                                     Facsimile: (206) 623-0594
                                       steve@hbsslaw.com
15                                     george@hbsslaw.com

16                                     AUDET & PARTNERS LLP
                                       Michael McShane (127944)
17                                     Jason T. Baker (212380)
                                       221 Main Street, Suite 1460
18                                     San Francisco, CA  94105
                                       Telephone:  (415) 568-2555
19                                     Facsimile:  (415) 568-2556
                                       mmcshane@audetlaw.com
20                                     jbaker@audetlaw.com

21                                     KIRBY McINERNEY LLP
                                       Daniel Hume (*Pro Hac Vice*)
22                                     David Kovel (*Pro Hac Vice*)
                                       Beverly Tse (237240)
23                                     825 Third Avenue, 16th Floor
                                       New York, NY 10022
24                                     Telephone:  (212) 371-6600
                                       Facsimile:  (212) 751-2540
25                                     dhume@kmllp.com
                                       dkovel@kmllp.com
26                                     btse@kmllp.com

27                                     Interim Co-Lead Class Counsel

28

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

_____
                /s/ Jeff D. Friedman
                JEFF D. FRIEDMAN

# Mailing Information for a Case 5:07-cv-01882-JF

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **AOL, LLC**
  sgermaise@mcguirewoods.com

- **Read Ambler**
  readambler@yahoo.com

- **Christine Pedigo Bartholomew**
  cbartholomew@finkelsteinthompson.com,sanfran@finkelsteinthompson.com

- **Steve W. Berman**
  steve@hbsslaw.com,carrie@hbsslaw.com

- **Thomas Patrick Brown**
  tbrown@omm.com,dbordessa@omm.com

- **Elaine T. Byszewski**
  elaine@hbsslaw.com,jenniferb@hbsslaw.com

- **Aaron H. Darsky**
  adarsky@audetlaw.com

- **Randall W. Edwards**
  REdwards@omm.com

- **Jeff D Friedman**
  jefff@hbsslaw.com,george@hbsslaw.com,sf_filings@hbsslaw.com

- **Joseph P. Garland**
  jpg65@columbia.edu

- **Susan L. Germaise**
  sgermaise@mcguirewoods.com

- **Daniel Hume**
  dhume@kmslaw.com

- **Karina Kosharskyy**
  kkosharskyy@kmllp.com

- **David E. Kovel**
  dkovel@kmllp.com

- **Brynly R. Llyr**
  bllyr@omm.com

- **Joseph V. McBride**

jmcbride@rabinpeckel.com

- **Michael Andrew McShane**
  mmcshane@audetlaw.com,jbaker@audetlaw.com

- **Dixie Lee Noonan**
  dnoonan@omm.com,bbelina@omm.com

- **I. Stephen Rabin**
  srabin@rabinpeckel.com

- **Rosemary M. Rivas**
  rrivas@finkelsteinthompson.com,sdoerrer@finkelsteinthompson.com,jdito@finkelsteinthompson.com

- **Katherine Robison**
  krobison@omm.com,rgonzalez@omm.com

- **George W. Sampson**
  george@hbsslaw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,jeneld@hbsslaw.com

- **Jeffrey Squire**
  squire@bragarwexler.com

- **Robert L. Stolebarger**
  robert.stolebarger@hro.com

- **Christopher S. Studebaker**
  cstudebaker@kmllp.com

- **Reginald Von Terrell**
  reggiet2@aol.com

- **Beverly Tse**
  btse@kmllp.com

- **Michael Frederick Tubach**
  mtubach@omm.com,kquintanilla@omm.com

- **Visa Inc.**
  robert.stolebarger@hro.com

- **Kenneth G. Walsh**
  kwalsh@kmllp.com

- **Julie Dawn Wood**
  jwood@omm.com,ihaas@omm.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)