**\*E-FILED 05-25-2010\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EBAY SELLER ANTITRUST LITIGATION | No. C07-01882 JF (HRL) |
| | **ORDER DENYING EBAY, INC.'S MOTION FOR SANCTIONS** |
| | [Re: Docket No. 595] |

eBay, Inc. moves for monetary and other sanctions against plaintiffs' counsel at the Hagens, Berman, et al. law firm ("Hagens Berman") for a claimed violation of the court's Protective Order (Docket No. 68). Although though no documents have been disclosed to anyone or filed in any matter other than the instant action, eBay contends that Hagens Berman violated the Protective Order by reviewing eBay's documents produced in the instant action, with an eye toward evaluating the documents' potential relevance and possible use in another litigation filed against eBay: Sawyer v. Bill Me Later, et al., C10-00014JSW (the "Sawyer Action").[1] Hagens Berman opposes the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, this court rules as follows:

---

[1] After the instant motion was briefed, the Sawyer Action was dismissed for lack of subject matter jurisdiction, without prejudice to Sawyer to re-file his claims in state court. At the motion hearing, this court was informed that Sawyer has re-filed his claims in state court.

1   The Protective Order provides that documents designated "Confidential" or "Highly
2   Confidential" shall be used by any person (other than the producing party) solely for the purpose
3   of the instant action. (See Docket No. 68, ¶ 3). Such designated documents are not to be used
4   "for any business, competitive, personal, private, public or other purpose." (Id.). In any event,
5   "[a]ll documents and other materials produced in this litigation shall be used for purposes of this
6   litigation only, whether or not a producing party designates such documents or materials as
7   Confidential." (Id. ¶ 1(c)).

8   To be clear, eBay does not contend that the filing of the Sawyer Action violated the
9   Protective Order. This court is informed that no documents produced in the instant lawsuit have
10  been filed in the Sawyer Action. And Hagens Berman represents that no third parties relevant to
11  the Sawyer Action have been shown any documents produced in the instant antitrust litigation.

12  Essentially, the instant dispute boils down to a disagreement whether the Protective
13  Order permits plaintiffs to so-called "mine" eBay's document production in the instant action as
14  source material for the Sawyer Action or other potential claims or actions. Plaintiffs protest that
15  there is no record that any such "mining" has occurred. And, they maintain that, at any rate, the
16  Protective Order should not be construed so broadly as to constrain plaintiffs' counsel's right
17  and ability to practice law. eBay, however, does not seem to be going that far. Indeed, it agrees
18  that plaintiffs' counsel need not wipe their memories clean or somehow compartmentalize the
19  mental impressions formed in the course of the instant action. At oral argument, eBay also
20  seemed to agree that, to the extent Hagens Berman believes that documents produced in the
21  instant lawsuit are also relevant to issues in the Sawyer Action, plaintiffs may pursue separate
22  discovery as to those documents in that case. Nevertheless, eBay contends that if Hagens
23  Berman were to review documents produced in the instant litigation for some purpose other than
24  the instant litigation, then that review constitutes a prohibited "use" under the Protective Order.

25  Under the plain language of the Protective Order, this court agrees that any such review,
26  if it occurred, would violate the Protective Order. At the same time, however, it is not clear
27  whether an actual violation occurred here. eBay's suspicions are fueled more by the absence of
28  evidence as to what Hagens Berman may (or may not) have been doing with respect to eBay's

2

documents. And, as discussed at the motion hearing, any such violation would be devilishly hard to police. At any rate, it is equally unclear what harm, if any, has been visited upon eBay as a result. Without more, this court is disinclined to impose sanctions for civil contempt.

Accordingly, eBay's motion for sanctions is denied. For good measure, however, this court makes the following admonition: the subject discovery shall not be reviewed, used, or disclosed in connection with any matter other than the instant action, absent a court order or eBay's consent.

Hagens Berman's request for an order directing plaintiffs' counsel to review and search for documents from the instant litigation that they contend are relevant to the Sawyer Action is also denied. The dispute over the factual overlap (or not) of the two cases has provided the backdrop for the instant motion. However, the question whether the Protective Order ought to be modified to permit use of discovery from the instant litigation in the Sawyer Action is not properly before this court on the instant motion.

SO ORDERED.

Dated:     May 25, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

United States District Court
For the Northern District of California

1 | 5:07-cv-01882-JF Notice has been electronically mailed to:

2 | Aaron H. Darsky    aarondarsky@msn.com
Beverly Tse    btse@kmllp.com
3 | Brynly R. Llyr    bllyr@omm.com
Christine Pedigo Bartholomew    cbartholomew@finkelsteinthompson.com,
4 | sanfran@finkelsteinthompson.com
Christopher S. Studebaker    cstudebaker@kmllp.com
5 | Daniel Hume    dhume@kmslaw.com
David E. Kovel    dkovel@kmllp.com
6 | Dixie Lee Noonan    dnoonan@omm.com, bbelina@omm.com
Elaine T. Byszewski    elaine@hbsslaw.com, jenniferb@hbsslaw.com
7 | George W. Sampson    george@hbsslaw.com
I. Stephen Rabin    srabin@rabinpeckel.com
8 | Jeff D Friedman    jefff@hbsslaw.com, george@hbsslaw.com, sf_filings@hbsslaw.com
Jeffrey Squire    squire@bragarwexler.com
9 | Joseph P. Garland    jpg65@columbia.edu
Joseph V. McBride    jmcbride@rabinpeckel.com
10 | Julie Dawn Wood    jwood@omm.com, ihaas@omm.com
Karina Kosharskyy    kkosharskyy@kmllp.com
11 | Katherine Robison    krobison@omm.com, rgonzalez@omm.com
Kenneth G. Walsh    kwalsh@kmllp.com
12 | Michael Andrew McShane    mmcshane@audetlaw.com, jbaker@audetlaw.com
Michael Frederick Tubach    mtubach@omm.com, kquintanilla@omm.com
13 | Randall W. Edwards    REdwards@omm.com
Read Ambler    readambler@yahoo.com
14 | Reginald Von Terrell    reggiet2@aol.com
Robert L. Stolebarger    robert.stolebarger@hro.com
15 | Rosemary M. Rivas    rrivas@finkelsteinthompson.com, jdito@finkelsteinthompson.com,
sdoerrer@finkelsteinthompson.com, srenwick@finkelsteinthompson.com
16 | Shana E. Scarlett    jeneld@hbsslaw.com, shanas@hbsslaw.com
Steve W. Berman    carrie@hbsslaw.com, steve@hbsslaw.com
17 | Susan L. Germaise    sgermaise@mcguirewoods.com
Thomas Patrick Brown    tbrown@omm.com, dbordessa@omm.com
18 |

19 | Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

4