1

2          *E-FILED 07-19-2010*

3

4

5

6

7                              NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11   IN RE EBAY SELLER ANTITRUST          No. C07-01882 JF (HRL)
     LITIGATION
12                                        **ORDER ON MOTION TO MODIFY
                                          PROTECTIVE ORDER**
13
                                          **[Re:  Docket No. 608]**
14

15   _____/

16

17                              INTRODUCTION

18          In this antitrust case, one of the law firms representing the plaintiffs also represents a

19   different plaintiff in another case in which eBay, Inc. (eBay) is also a defendant.  Those lawyers

20   move here to modify the existing protective order to allow them to use in the other case

21   discovery that was obtained in the instant action.  As we will see, the sticking point is not so

22   much the modification of the protective order, so that relevant discovery in one lawsuit can be

23   used in the other.  Instead, it is this:  Who gets to comb through the antitrust discovery produced

24   by eBay in order to decide which few documents may be relevant in the other case?  The

25   plaintiffs' lawyers or eBay's?

26                              BACKGROUND

27          Plaintiffs in the instant action (the "Antitrust Case") claim that eBay is a monopolist in

28   the online auction market and abuses its market dominance by engaging in anticompetitive acts

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  aimed at reducing or eliminating existing or potential future competitive threats. The alleged

2  anticompetitive activities include, for example, buying up strategic competitors or entering into

3  agreements with them that protect eBay's dominance. One of the plaintiffs' law firms in this

4  putative class action is Hagens Berman Sobol Shapiro LLP ("Hagens Berman").

5       In the Antitrust Case, the court entered a stipulated protective order which provides, in

6  relevant part:

> All documents and other materials produced in this litigation shall
> be used for purposes of this litigation only, whether or not a producing
> party designates such documents or materials as Confidential.
>
>                    * * * * *
>
> Confidential Information or Highly Confidential Information shall
> be used by any person, other than the producing party, solely for the
> purpose of conducting the actions and shall in no event be used for any
> business, competitive, personal, private, public or other purpose.

13  (Docket No. 68, Mar. 26, 2008 Protective Order, ¶1(c) and ¶3)).

14       The Antitrust Case is over, at least at the trial level. The court granted summary

15  judgment for eBay. Plaintiffs appealed, and the appeal is pending.

16       After the filing of the Antitrust Case, Hagens Berman filed another putative class action,

17  *Sawyer v. Bill Me Later, et al.* eBay owns Bill Me Later and is also a defendant in that case.

18  *Sawyer* originally was filed in the Northern District of California and assigned to Judge Jeffrey

19  White. Judge White ultimately dismissed it for lack of subject matter jurisdiction, without

20  prejudice to refiling the claims in state court. (*See* C10-00014JSW, Docket No. 37). Hagens

21  Berman subsequently filed the complaint in Los Angeles County Superior Court. Thereupon,

22  defendants removed it to federal court, and the suit currently is pending in the Central District

23  of California.

24       *Sawyer* is not an antitrust case. Rather, *Sawyer* alleges that Bill Me Later, aided by

25  eBay, violates California consumer protection laws by charging usurious interest and imposing

26  impermissible penalty fees on loans made to online purchasers of good and services. Bill Me

27  Later says it is not subject to consumer protection laws that apply to lenders because it is merely

28  a servicing agent and not a lender. There is a bank, says Bill Me Later, that makes the loans.

(Banks are, apparently, not subject to the consumer protection laws in question.)  Not so, says Sawyer:   Bill Me Later is the actual lender, and the bank's presence in the transaction is mere window dressing to mask Bill Me Later's true role.  The key legal issue in *Sawyer* is how to characterize Bill Me Later's role when online buyers finance their purchases through Bill Me Later.

DISCUSSION

Hagens Berman now moves in this Antitrust Case to modify the protective order.[1]  They want a "limited modification [that] will allow Plaintiffs' counsel to use a discrete subset of the documents produced in this action that are highly relevant in the *Sawyer* litigation . . .."  (Mot. at 1:4-5).  Although the movants go to lengths to disguise it, their seemingly simple request is not so simple in fact and raises two distinct issues, one of them easy to decide and one not so.

1.  Modify the Protective Order?

A decision which guides this court's analysis is *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003).  The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation."  *Id*. at 1131.  And, the existence of a protective order in one case should not bar litigants in another, related, case from obtaining the discovery they need.  *Id*.  Thus, this first question is an easy one.  eBay should not be able to use the Antitrust Case protective order as a shield to bar Sawyer from discovering documents which happen to be subject to that protective order.  In other words, in *Sawyer*, eBay may not object to producing a responsive document on the basis that it is subject to a protective order in the Antitrust Case.  To that extent, the motion to modify the protective order is granted.

That modification, however, does not mean that Mr. Sawyer will ultimately obtain all the discovery that he wants.  Nor does it mean that eBay is stripped of its right to object to their production in that case.  As explained in *Foltz*:

---

[1]    It is a coincidence that Hagens Berman represents the plaintiffs in both the Antitrust Case and in *Sawyer*.  It is actually Mr. Sawyer, and not the plaintiffs in the Antitrust Case, who wants the protective order modified.  It seems that Hagens Berman should have moved on behalf of Mr. Sawyer to intervene in the Antitrust Case so that Sawyer could seek the modification.  However, eBay does not quibble with Hagen Berman's procedural shortcut, and this court will not take issue with it either.

3

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

Even if the issuing court modifies the protective order, it does not decide whether the collateral litigants will ultimately obtain the discovery materials. As the Fifth and Tenth Circuits have noted, once the district court has modified its protective order, it must refrain from embroiling itself in the specific discovery disputes applicable only to the collateral suits.

* * * * *

The disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts. *Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings. These procedures also preserve the proper role of each of the courts involved*: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery. If the protective order is modified, the collateral courts may freely control the discovery processes in the controversies before them without running up against the protective order of another court.

*Id*. at 1133 (citations omitted) (emphasis added).

> 2. With the Protective Order modified as just described, what degree of "use" do Sawyer's lawyers get to make of the Antitrust Case discovery?

This is the harder question. The facts are somewhat unique, because Sawyer's lawyers, on account of their role in the Antitrust Case, already are in possession of all of the documents disclosed by eBay in that case. So, suggests Hagens Berman, since we already have that body of information, let us comb through it and pick out the documents relevant to Sawyer's claims against Bill Me Later and eBay. According to Hagens Berman, that will save eBay the time and trouble of doing that job itself. Not surprisingly, eBay vigorously objects to that procedure, pointing out that, under the Federal Rules of Civil Procedure, it is the litigant responding to discovery requests, and that litigant's own lawyer, who searches for and identifies responsive documents that are relevant to the asserted claims or defenses. The opposing lawyer does not get that luxury.

This court's answer might be different if the Antitrust Case and *Sawyer* were truly "collateral" cases. They are not. The Antitrust Case alleges violations of Sections 1 and 2 of the Sherman Act as well as comparable California laws prohibiting restraints on trade. *Sawyer* alleges violations of California's usury laws and consumer protection statutes. There

is little or no overlap of issues.  Indeed, in response to Judge White's Order to Show Cause Regarding Subject Matter Jurisdiction (the original *Sawyer* action filed in the Northern District, No. 10 CV-0014 JSW), Hagens Berman stated that "the [*Sawyer*] Complaint focuses primarily on Bill Me Later's business model, which predates the purchase by eBay.  The allegations do not concern the distinct business of the parent eBay, which include online auctions, online classifieds, secondary tickets, shopping segments, apartment listings, fixed-price media and online communications."  (*See* C07-01882, Docket No. 605 (Llyr Decl., Ex. G at 5:10-14); Case No. C10-00014JSW, Docket No. 35 at 5:10-14).

Since the Antitrust Case is on appeal, there would presumably be no legitimate reason for Hagens Berman to be rooting through eBay's Antitrust Case discovery documents now.  But, its lawyers claim to remember that there were some that discussed the Bill Me Later business model.  That is, some of the Antitrust Case documents are relevant (i.e., would be responsive to a request for production) to the claims in *Sawyer*.  How many?  Hagens Berman does not know, but says it is not too many.  eBay's lawyers concede that there are some among the 197,000 documents (2.2 million pages), but surely less than 1,000.  Hagens Berman does not appear to disagree with that estimate.  No one suggests that these 1,000 or so are segregated, or in a particular "file," or somehow readily identifiable.  They apparently are mixed in the 197,000, and someone would have to go looking for them.[2]

To the heart of the issue: who searches through the 197,000 documents to locate the 1,000 or less that would be relevant to Sawyer's claims?  Hagens Berman argues that, since they already posses the whole corpus of eBay's Antitrust Case document production, it makes sense that this court should modify the protective order so that they (and not eBay) should search them and decide what they want in *Sawyer*.  They disarmingly describe their proposal as follows: "The modification would instead simply enable the mechanics of identifying particular documents to be used in the Sawyer litigation."  (Reply at 1:12-13).  Under this procedure, once eBay found out (how?) what Hagens Berman chose for use in *Sawyer*, it

---

[2]   This court is not told what percentage of these documents are stored electronically.  If so, then whoever is doing the looking would probably use one of the commercially available software search programs.

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1   would then—presumably—have to seek a protective order if it disagreed with any of Hagens

2   Berman's choices.  This stands discovery practice on its head.

3          eBay argues forcefully that, while Hagens Berman has the 197,000 documents for

4   Antitrust Case purposes, they do not have the right to "mine" through them and decide what

5   they would like to use in *Sawyer*.  eBay maintains that it is eBay's obligation (and right)

6   under federal discovery rules to make a reasonable and diligent search through all of its

7   documents—including, presumably, its Antitrust Case document production—to locate

8   documents responsive to appropriate requests for production in *Sawyer*.

9          This court sees no efficiency in permitting Hagens Berman to go through the Antitrust

10  Case eBay documents.  It may save eBay the "trouble" of going through them, but eBay does

11  not want to be saved that "trouble."  It likewise does not save time.  True, Hagens Berman

12  says they may get the documents they want faster if they choose them themselves, but—with

13  the *Sawyer* case still in its infancy—the "sooner rather than later" argument does not carry

14  much weight.

15         When pressed at the motion hearing to articulate how Mr. Sawyer would be harmed if

16  his lawyers had to obtain discovery in the prescribed, normal manner, rather than by an

17  abnormal process that reversed the role of who searches for and identifies relevant material,

18  all that plaintiff's counsel could offer was that they do not trust eBay to turn over everything

19  that it should.

20         This court appreciates that opposing attorneys, particularly in high stakes litigation,

21  may come to distrust each other.  Distrust is practically an occupational hazard of that work.

22  But, based on nothing more tangible than feelings of distrust (no evidence, no indisputable

23  examples) should the court give the go ahead to Sawyer's lawyers?  If all, or even most, of the

24  Antitrust Case discovery was relevant to *Sawyer*, then the decision would be easy.  Here,

25  though, the best estimate is that less than one-half of one percent of the Antitrust Case

26  documents would be discoverable in *Sawyer*.  That is very slim relevance to support what

27  amounts to an extraordinary request.  This court declines to take that step.

28

6

1    That is not to say that Hagens Berman cannot obtain relevant documents from eBay to

2    support Sawyer's claims; and, certainly the Antitrust Case discovery documents are one of

3    what are likely numerous places where such documents will be found.  But, Hagens Berman

4    cannot get them through a "self-help" search of documents they happen to have in their

5    possession, for an entirely different reason and subject to a protective order.

6    In conclusion, the protective order is modified to the extent that it may not be used as a

7    shield by eBay to prevent Sawyer's lawyers from obtaining documents otherwise discoverable

8    from eBay.  The order is not "modified" to allow Sawyer's lawyers to go through their set of

9    eBay's Antitrust Case document productions and select what they want to use for *Sawyer*.

10   SO ORDERED.

11   Dated:   July 19, 2010

13   _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

United States District Court

For the Northern District of California

7

1   5:07-cv-01882-JF Notice has been electronically mailed to:

2   Aaron H. Darsky     aarondarsky@msn.com
    Beverly Tse     btse@kmllp.com
3   Brynly R. Llyr     bllyr@omm.com
    Christine Pedigo Bartholomew     cbartholomew@finkelsteinthompson.com,
4   sanfran@finkelsteinthompson.com
    Christopher S. Studebaker     cstudebaker@kmllp.com
5   Daniel Hume     dhume@kmslaw.com
    David E. Kovel     dkovel@kmllp.com
6   Dixie Lee Noonan     dnoonan@omm.com, bbelina@omm.com
    Elaine T. Byszewski     elaine@hbsslaw.com, jenniferb@hbsslaw.com
7   George W. Sampson     george@hbsslaw.com
    I. Stephen Rabin     srabin@rabinpeckel.com
8   Jeff D Friedman     jefff@hbsslaw.com, george@hbsslaw.com, pashad@hbsslaw.com,
    sf_filings@hbsslaw.com
9   Jeffrey Squire     squire@bragarwexler.com
    Joseph P. Garland     jpg65@columbia.edu
10  Joseph V. McBride     jmcbride@rabinpeckel.com
    Julie Dawn Wood     jwood@omm.com, ihaas@omm.com
11  Karina Kosharskyy     kkosharskyy@kmllp.com
    Katherine Robison     krobison@omm.com, rgonzalez@omm.com
12  Kenneth G. Walsh     kwalsh@kmllp.com
    Michael Andrew McShane     mmcshane@audetlaw.com, jbaker@audetlaw.com
13  Michael Frederick Tubach     mtubach@omm.com, kquintanilla@omm.com
    Randall W. Edwards     REdwards@omm.com
14  Read Ambler     readambler@yahoo.com
    Reginald Von Terrell     reggiet2@aol.com
15  Robert L. Stolebarger     robert.stolebarger@hro.com
    Rosemary M. Rivas     rrivas@finkelsteinthompson.com, jdito@finkelsteinthompson.com,
16  mpunzalan@finkelsteinthompson.com, sdoerrer@finkelsteinthompson.com,
    srenwick@finkelsteinthompson.com, ttien@finkelsteinthompson.com
17  Shana E. Scarlett     pashad@hbsslaw.com, shanas@hbsslaw.com
    Steve W. Berman     carrie@hbsslaw.com, steve@hbsslaw.com
18  Susan L. Germaise     sgermaise@mcguirewoods.com
    Thomas Patrick Brown     tbrown@omm.com, dbordessa@omm.com

19

20  Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

8